United States Court of Appeals,

Eleventh Circuit.

No. 96-3135.

UNITED STATES of America, Plaintiff-Appellee,

v.

Kelly Knight STONE, Kelly Lee Stricklin, Michael Lee Stricklin, Defendants-Appellants.

April 22, 1998.

Appeals from the United States District Court for the Northern District of Florida. (No. 3:96cr19/RV), Roger Vinson, Judge.

Before BLACK and BARKETT, Circuit Judges, and PROPST[*], Senior District Judge.

PER CURIAM:

BACKGROUND

All three defendants were charged in Count I of an eleven-count indictment with conspiracy to possess with intent to distribute a controlled substance, cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846.[1] Prior to the conclusion of trial, defendant Kelly Knight Stone ("Stone") joined a co-defendant's request that a lesser-included offense instruction be given the jury with respect to the crime of *conspiracy to possess a controlled substance (cocaine base) with intent to distribute.* The requested instruction was for *conspiracy to possess a controlled substance (cocaine base)* under 21 U.S.C. §§ 844(a) & 846. The trial court

---

[*]Honorable Robert B. Propst, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

[1]Defendant Kelly Knight Stone was also charged with possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count II), dealing firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) (Count III), seven counts of making false and fictitious statements in the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6) (Counts IV-X), and unlawful sale of a firearm in violation of 18 U.S.C. § 922(d) (Count XI).

decided, with some apparent reservation, to give the lesser-included offense instruction.[2]

Stone, though found not guilty of the §§ 841(a)(1) & 846 conspiracy charge, was found guilty of conspiracy to possess a controlled substance (cocaine base) under §§ 844(a) & 846. At sentencing, the district court found from a preponderance of the evidence that Stone conspired to possess more than five grams of cocaine base, metamorphosing what might otherwise have been a misdemeanor violation under §§ 844(a) & 846 into a felony conviction under that same statute, for which a sentence of 188 months was imposed.[3]

The defendant complains that his conviction under §§ 844(a) & 846 was unconstitutional, because essential elements of the §§ 844(a) & 846 offense of which he was convicted and sentenced, that he conspired to possess (1) in excess of five grams of (2) cocaine base, were not essential elements of the §§ 841(a) & 846 crime stated in the indictment and that the offense of which he was convicted was therefore not a lesser-included offense of the §§ 841(a) & 846 conspiracy charged in the indictment. In addition, contends Stone, by not submitting to the jury the issue of the amount of cocaine base he allegedly possessed, the trial judge improperly instructed the jury on the defined crime of conspiracy to possess in excess of five grams of cocaine base. Finally, Stone argues that, in the event that he was properly convicted of conspiracy to possess a controlled substance under §§ 844(a) & 846, the trial judge erroneously sentenced him as a felon rather than as a misdemeanor offender. The Government argues that Stone cannot be heard to complain at being undone by his

---

[2]As will be indicated, the law on the issue was certainly not clear.

[3]Stone was also found guilty of engaging in the business of selling firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) (Count III) and five counts of making false or fictitious statements in the acquisition of firearms in violation of 18 U.S.C. § 922(a)(6) (Counts IV, V, VI, IX and X). He was sentenced to sixty months imprisonment for the conviction of the sale of firearms without a license and was sentenced to 120 months incarceration for the five counts of making false or fictitious statements in the acquisition of firearms. All sentences were to run concurrently with his 188 month sentence for possession of controlled substance.

own request. The defendant, the Government states, invited the district court to commit error and now must accept its rulings. Further, asserts the Government, that the controlled substance Stone possessed was in an amount over five grams and that it was cocaine base are not essential elements of the offense, but are mere sentencing factors.

Stone raises two more issues in his appeal. First, Stone claims that the trial judge failed to properly instruct the jury as to the *mens rea* requirement of 18 U.S.C. § 922(a)(1)(A) and that as a consequence, his conviction under Count III of the indictment is due to be reversed. The Government agrees that Stone's conviction under Count III of the indictment is due to be reversed. We therefore REVERSE the defendant's conviction under Count III of the indictment.[4] Stone also claims that he was a victim of ineffective assistance of counsel during his trial and seeks reversal of his entire conviction on this issue. We refuse to consider this claim as an initial matter on appeal. *See United States v. Perez-Tosta,* 36 F.3d 1552, 1563 (11th Cir.1994) (reiterating that "a claim of ineffective assistance of counsel cannot be considered on direct appeal if those claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim"), *cert. denied,* 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995).

Stone's co-defendants, Michael Lee Strickland and Kelly Lee Strickland, were each indicted for conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a) & 846 (Count I) and for using or carrying firearms in violation of 18 U.S.C. § 924(c) (Count II). Both were convicted on the first count and acquitted on the second. These defendants

---

[4]After the trial, this court held that the Government must prove that the defendant knew that he did not have the requisite license to engage in the business of dealing in firearms. *United States v. Sanchez-Corcino,* 85 F.3d 549 (11th Cir.1996). Because the instruction given the jury did not contain this knowledge requirement, it was defective.

contend that they were improperly convicted under §§ 841(a) & 846 because, one, the trial judge permitted evidence of events occurring before the initiation of the conspiracy charged in the indictment and, two, the trial judge impermissibly admitted into evidence checks allegedly signed by these defendants and ATF Forms 4473 which federally licensed firearms dealers are required to maintain. We find these claims to be without merit. The district court did not abuse its discretion in admitting the contested evidence. We therefore AFFIRM the convictions of these defendants. These defendants also argue that their sentencing is improper because the trial judge calculated the amount of cocaine base possessed by them without evidence supporting the calculation, the trial judge failed to attribute a specific amount to each defendant, and the trial judge included cocaine base used by them for personal consumption in calculating the base offense level under the sentencing guidelines. We reject these defendants' contentions that the trial judge improperly sentenced them. Sufficient evidence existed from which the trial judge could reasonably conclude that each of these defendants had responsibility for over 150 grams of crack cocaine. *See United States v. Chirinos,* 112 F.3d 1089, 1102-03 (11th Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 701, --- L.Ed.2d ---- (1998). As to the argument that the trial judge was to reduce the amount of cocaine base for which these defendants were responsible by the percentage that was obtained for personal use rather than obtained with the intent to distribute, this court has previously held that the amount of cocaine base "intended for personal use by [a defendant is] properly included by the district court in determining [his or her] base offense level[ ]." *United States v. Antonietti,* 86 F.3d 206, 210 (11th Cir.1996). Michael Lee Stricklin adds the contention that he was entitled to a reduction in sentencing because he was a minor or minimal participant in the conspiracy. This claim is lacking in merit. Evidence supports the conclusion that Michael Lee Stricklin was a significant participant in the conspiracy who provided the funds for the drug transactions and plotted the deals to exchange

firearms for crack cocaine. *See United States v. Gates,* 967 F.2d 497, 501 (11th Cir.1992), *cert. denied,* 506 U.S. 1011, 113 S.Ct. 632, 121 L.Ed.2d 563 (1992). Our further review is restricted to the conviction and sentencing of Stone under Count I.

ANALYSIS

I

THE MEANING OF 21 U.S.C. § 844(a).

The offense that Stone was charged with conspiring to commit was possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 846. Section 841(a)(1) states, in relevant part:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
>
> > (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance ...

While § 841(a)(1) does not require proof that the controlled substance was cocaine base as an element of the crime, *United States v. Williams,* 876 F.2d 1521, 1525 (11th Cir.1989), Count I of the indictment against Stone stated that cocaine base was the controlled substance at issue. The penalties for possession with intent to distribute, the crime defined in § 841(a), are set out in a separate portion of the statute, § 841(b).[5]

---

[5]Count I of the indictment states:

> That between on or about January 1, 1994, and continuing thereafter, up to and including May 30, 1995, in the Northern District of Florida and elsewhere, defendants,
>
> KELLY KNIGHT STONE,
>
> KELLY LEE STRICKLIN, and
>
> MICHAEL LEE STRICKLIN

The instruction requested by Stone and his co-defendants gave the jury the option of finding that, rather than conspiring to possess cocaine base with the intent to distribute, the defendants had merely conspired to possess cocaine base in violation of 21 U.S.C. §§ 844(a) & 846. The district court hesitantly decided that conspiracy to possess a controlled substance (cocaine base) under §§ 844(a) & 846 was a lesser-included offense of conspiracy to possess a controlled substance with intent to distribute under §§ 841(a)(1) & 846 and that the jury could find the defendants guilty of the lesser-included offense while not guilty of the greater offense.[6] At the conclusion of trial, the

> did unlawfully combine, conspire, confederate, agree and have a tacit understanding with each other and other persons not charged in this indictment ... to knowingly and intentionally possess with intent to distribute the controlled substance cocaine base, commonly known as "crack cocaine," in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(iii).
>
> All in violation of Title 21, United States Code, Section 846.
>
> Section 841(b)(1)(A)(iii) provides for the following penalties:
>
> *Any person who violates subsection (a) of this section shall be sentenced as follows:*
>
> > (1)(A) In the case of a violation of subsection (a) of this section involving—
> >
> > > (iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;
> >
> > such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $4,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, or both (emphasis added).

[6]In the discussions between the judge and the parties, the greater offense was consistently referred to as conspiracy to possess cocaine base with intent to distribute, not simply conspiracy to possess a controlled substance with intent to distribute. Similarly, the offense on which the lesser-included offense instruction was to be given was referred to as conspiracy to possess cocaine base, not simply conspiracy to possess a controlled substance.

judge charged the jury on the lesser-included offense as follows:

> In some cases the law which a defendant is charged with breaking actually covers two separate crimes—one is more serious than the second, and the second is generally called a "lesser included offense."

> So, in this case, with regard to the offense charged in Count I, if you should find a defendant "not guilty" of the crime charged in Count I as defined in these instructions, you should then proceed to decide whether that defendant is guilty or not guilty of the lesser included offense of conspiracy *to simply possess cocaine base, commonly known as crack cocaine.* The lesser included offense would consist of proof beyond a reasonable doubt *that the crack cocaine was simply possessed for personal consumption,* and was not possessed with intent to distribute it, but otherwise defined in the instructions for Count I (emphasis added).

The jury found Stone not guilty of conspiracy to possess a controlled substance with intent to distribute, but guilty of conspiracy to possess a controlled substance (cocaine base) under §§ 844(a) & 846.

Stone argues that the district court saddled him with a felony sentence under §§ 844(a) & 846 based upon findings made at the sentencing hearing that he possessed cocaine base in an amount greater than five grams, despite that the crime of possession of a controlled substance carries a maximum sentence of one year for a first time offender. The defendant also contends that if he was convicted of a crime other than a misdemeanor under §§ 844(a) & 846, the district court violated his Sixth Amendment right to a jury trial on all elements of the offense of which he was charged. Further, Stone argues that if the district court gave a lesser-included offense instruction on the §§ 844(a) & 846 crime that permitted the felony sentence, it introduced elements of an offense not charged in the indictment, thereby violating his Fifth Amendment right not to be held to answer for a felony crime without indictment by a grand jury.

The keystone to all these claims of error is the construction of 21 U.S.C. §§ 844(a). The issue is essentially whether the third sentence of § 844(a) is merely a penalty provision or whether it both defines an offense and states the penalty for that offense. If the third sentence of § 844(a)

is only a penalty provision, the district judge was not in error in sentencing Stone to the 188 month term.

At the time of trial, section 844(a) of Title 21 of the United States Code stated, in relevant part:

> It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter. *Any person who violates this subsection may be sentenced* to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, *except that if he commits such offense after a prior conviction* under this subchapter or subchapter II of this chapter, or a prior conviction for any drug, narcotic or chemical, offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years, and shall be fined a minimum of $2,500, *except, further, that if he commits such offense* after two or more prior convictions under this subchapter or subchapter II of this chapter, or two or more prior convictions for any drug or narcotic offense chargeable under the law of any State, or a combination of two or more such offenses have become final, he shall be sentenced to a term of imprisonment for not less than 90 days but not more than 3 years, and shall be fined a minimum of $5,000. Notwithstanding the preceding sentence, *a person convicted under this subsection for the possession of a mixture or substance which contains cocaine base* shall be imprisoned not less than 5 years and not more than 20 years, and fined a minimum of $1,000, *if the conviction is a first conviction* under this subsection and *the amount of the mixture or substance exceeds 5 grams,* if the conviction is after a prior conviction for the possession of such a mixture or substance under this subsection becomes final and the amount of the mixture or substance exceeds 3 grams, or if the conviction is after 2 or more prior convictions for the possession of such a mixture or substance under this subsection become final and the amount of the mixture or substance exceeds 1 gram ... (emphasis added).[7]

OTHER CIRCUITS.

Seven Circuit Courts of Appeals, the Second, Fifth, Sixth, Seventh, Ninth, Tenth, and District of Columbia Circuit Courts of Appeals, have considered the issue of whether the third sentence in § 844(a) creates an entirely separate offense from that of possession of a controlled

---

[7]Section 844(a) was amended on October 3, 1996 to include, between the first and second sentence a sentence relating to the crime of possessing a list I chemical pursuant to a revoked or suspended registration. Our references to sentence numbers are to the sentences in the statute prior to this amendment.

substance stated in the first sentence. In *United States v. Puryear,* 940 F.2d 602 (10th Cir.1991), the Tenth Circuit Court of Appeals was faced with a circumstance in which the district court, at the request of the defendant, gave the jury a lesser-included offense instruction under § 844(a). After the jury found the defendant guilty of the lesser-included offense, the district court determined at sentencing that the defendant possessed greater than five grams of cocaine base. Based on an analysis contrasting the structure of 21 U.S.C. § 841 with that of § 844(a), the court reversed the sentence of the district court, stating that the quantity of cocaine base is an element of an offense defined in the third sentence:

> We conclude that drug quantity constitutes an essential element of simple possession under section 844(a). We reach this result, in part, by contrasting section 844(a) with the drug trafficking provisions of 21 U.S.C. § 841. The drug trafficking provisions of section 841 contain two distinct parts. Subsection (a), entitled "Unlawful acts," defines the crime. It prohibits trafficking in any amount of an illegal drug. Subsection (b), entitled "Penalties," sets out the punishment for various drug quantities. It does not itself state a criminal offense. Given the above statutory schema, courts have interpreted congressional intent as vesting the quantity determinations in the sentencing court. *E.g., Jenkins,* 866 F.2d at 334; *United States v. Wood,* 834 F.2d 1382, 1388-90 (8th Cir.1987). *But cf. Newman v. United States,* 817 F.2d 635, 637-38 (10th Cir.1987) (jury must determine type of drugs distributed under 21 U.S.C. §§ 841, 846).

> By comparison, section 844(a) does not attempt to divorce the prohibited act of drug possession from the drug quantities possessed. The statute contains no separate penalty section, but rather interweaves both definitional and penalty provisions throughout. Presented with this schema, we conclude that the statute makes drug quantity an integral part of the crime definition.

> This holding comports with our own precedent in interpreting similar statutory frameworks. *Cf. United States v. Alberico,* 604 F.2d 1315, 1321 (10th Cir.) (value forms essential element of theft of government property under 18 U.S.C. § 641), *cert. denied,* 444 U.S. 992, 100 S.Ct. 524, 62 L.Ed.2d 422[ ] (1979). It also draws support from analogous holdings of other circuits. *Cf. Scanzello,* 832 F.2d at 22-23 (value forms essential element of stealing goods from interstate shipment under 18 U.S.C. § 659); *Theriault v. United States,* 434 F.2d 212, 214 (5th Cir.1970) (value forms essential element of theft of government property under 18 U.S.C. § 641), *cert. denied,* 404 U.S. 869, 92 S.Ct. 124, 30 L.Ed.2d 113[ ] (1971).

*United States v. Puryear,* 940 F.2d 602 at 603-04 (footnotes omitted). *See also United States v.*

*Brooks,* 940 F.2d 598, 601-02 (10th Cir.1991) (companion case to *Puryear* holding same).

The next circuit court to consider the issue of the appropriate construction of § 844(a) was the District of Columbia Circuit Court of Appeals. In *United States v. Michael,* 10 F.3d 838 (D.C.Cir.1993), the defendant was charged with a violation of §§ 841(a)(1) & (b)(1)(A)(iii). The trial judge instructed the jury on simple possession under § 844(a), of which the defendant was convicted. The defendant was sentenced to seventy months on the trial judge's finding that he had in his possession more than five grams of cocaine base. *Id.* at 839. The court reversed the trial judge's sentencing determination, stating that § 844(a) required the jury to determine whether the controlled substance was cocaine base. *Id.* at 842. In coming to this conclusion, the court first considered the structure of the statute, reviewing the Tenth Circuit's analysis in *Puryear,* and determined that the composition of the statute demonstrated the existence of an offense defined in the third sentence separate from that defined in the first sentence.

> Before 1988, the statute contained the first two sentences but not the third. The first sentence describes the general prohibition against possessing controlled substances. The second establishes a penalty scheme for various persons who violate the prohibitions of the first sentence, depending upon their prior convictions for similar offenses. Thus the second sentence parallels the language of the penalty provisions in 21 U.S.C. § 841(b); it details punishment levels for first-time offenders and recidivists "who violate [ ] this subsection"—where "this subsection" clearly refers back to the first sentence of § 844(a), criminalizing possession of a controlled substance.

> In 1988 Congress added the third sentence, singling out possession of cocaine base for especially harsh penalties. Here Congress used language rather different from that of the penalty provisions of § 841(b) or the second sentence of § 844(a). *Instead, the amendment penalizes any "person convicted under this subsection for the possession of a mixture or substance which contains cocaine base." § 844(a) (emphasis added). As a matter of simple grammar, the words "for the possession of ... cocaine base" appear to be a set of adverbial prepositional phrases used to modify the verb "convicted", suggesting that the conviction itself must encompass cocaine base.*

> Further, the 1988 amendment to § 844(a) is buried in one great paragraph, in contrast to the penalty section of § 841, which is clearly set off in subsection "(b)" and labelled "Penalties". This structural distinction counts against sentence enhancement classification generally, as other courts have observed. As the court in *United States v. Davis,* 801 F.2d

754 (5th Cir.1986), said of the since-amended prior-crimes portion of the Armed Career Criminal Act, 18 U.S.C. § 1202(a), "unlike typical sentence-enhancement statutes ... it is neither titled as a sentencing provision nor does it set out procedures for the sentencing hearing." *Id.* at 756. *Cf. United States v. Puryear,* 940 F.2d 602, 604 (10th Cir.1991) (relying on the structural differences between § 844 and § 841 to hold that § 844(a)'s provisions as to quantity create elements of separate crimes).

*Id.* at 840 (emphasis added). The court did not, however, conclude with an analysis of the structure of the statute. Implying that its structural conclusions were tenuous, it went on to consider the legislative history of the third sentence in § 844(a). It determined that although "[t]he general tenor of the floor statements is ambiguous," the statements were "largely consistent with a congressional intent merely to enhance sentences for those offenders who possess 5 grams or more of cocaine base." *Id.* at 841.

Based on what the court saw as an issue normally left for juries to resolve, it concluded that the character of the drug possessed by the offender was an element of the third sentence offense. *Id.*

Although credibility is not usually a feature in determining the character of the drug, it may well be, where, for instance, the drugs in question have been destroyed, tampered with, or lost, or the defendant contests that the drugs put into evidence are those actually seized from him. See, for example, *United States v. McKie,* 951 F.2d 399 (D.C.Cir.1991) (police lost crack cocaine forming basis of charge against defendant, though there defendant had admitted he possessed crack). *In view of the impact of sentence enhancement classification on the process of criminal justice—shifting the issue from jury to court and denying the defendant the benefit of the reasonable doubt standard, McMillan v. Pennsylvania,* 477 U.S. 79, 85, 106 S.Ct. 2411, 2415, 91 L.Ed.2d 67[ ] (1986)—*we are reluctant to infer such classification in the absence of a reasonably clear statement from Congress, at least for a fact embedded in the statutory section defining the crime and closely related to the circumstances of the crime.*

*Id* (emphasis added). The court held that because character of the controlled substance was an element of the crime sought to be punished, the third sentence of § 844(a) stated a crime separate from that stated in the statute's first sentence.

In *United States v. Sharp,* 12 F.3d 605 (6th Cir.1993), the Sixth Circuit Court of Appeals

agreed with the Tenth Circuit Court of Appeals that quantity is an element of an offense inhering in the third sentence of § 844(a) separate and distinct from the offense contained in the first sentence of § 844(a). In coming to its conclusion, the court dispensed with discussions of the structure and history of the statute and instead focused upon constitutional problems that would ensue if it did not hold that the third sentence creates a separate crime:

> If the jury had found Mr. Sharp guilty of possessing crack cocaine with intent to distribute it, the maximum term of imprisonment authorized by the statute would have exceeded one year regardless of the amount possessed (see 21 U.S.C. § 841(b)) and the offense would necessarily have been classified as a felony under 18 U.S.C. § 3559(a). Under those circumstances, our caselaw teaches, the amount possessed would have been subject to determination by the judge as a factor bearing on the severity of the penalty. *See United States v. Rey,* 923 F.2d 1217, 1223 (6th Cir.1991) (amount of cocaine possessed with intent to distribute "is not an element of the offense under 21 U.S.C. § 841(a);" the quantity provisions of § 841(b) "are applicable only to sentencing"); *United States v. Moreno,* 899 F.2d 465 (6th Cir.1990) (same)....

> A significantly different picture emerges, as we see it, where the factor at issue (here the quantity of crack cocaine possessed by the defendant) does not merely affect the length of the defendant's sentence, but determines whether he is guilty of a felony or a misdemeanor. More is involved in this distinction than the length of the sentence, because felony convictions carry disabilities that do not attach to misdemeanor convictions. In Mr. Sharp's state of Tennessee, for example, convicted felons are disqualified from exercising the right of suffrage, from seeking or holding state office, and from acting as executors, administrators, or guardians. *See* Tenn.Code Ann. §§ 40-20-112 through 115. Convicted felons are also barred from receiving or maintaining professional licenses of various kinds. See Tenn.Code Ann. § 62-13-312 (real estate broker); § 23-3-201 (attorney); § 62-26-207 (private investigator). And a person who has been convicted of a felony drug offense is prohibited from possessing a handgun. *See* Tenn.Code Ann. § 39-17-1307.

> It is a serious matter, obviously, to deprive an American citizen of civil rights as important as the right to vote, the right to keep and bear arms, and the right to engage in a chosen business or profession. *For a sentencing judge to effect such a deprivation by factual findings that convert what would otherwise be a misdemeanor into a felony seems to us an impermissible usurpation of the historic role of the jury. The principle that a defendant is entitled to have a jury of his peers determine whether or not he has committed a felony is a "principle of justice so rooted in the traditions and conscience of our people," we believe, "as to be ranked as fundamental."* (The quoted phrase, which has been used by the Supreme Court repeatedly, appears in *McMillan v. Pennsylvania,* 477 U.S.[79] at 85[106 S.Ct. 2411, 2415, 91 L.Ed.2d 67 (1986)]. Citations omitted.) We are not prepared to jettison such a principle if we are not required to do so.

*United States v. Sharp,* 12 F.3d at 607-08 (emphasis added).[8]

The Second Circuit Court of Appeals sounded disagreement with the Tenth Circuit in *United States v. Monk,* 15 F.3d 25 (2d Cir.1994). It cursorily dismissed *Puryear* as being unpersuasive and held that the structure explicit in § 841 that divides the offense and the penalties is implicit in § 844(a). To pay too much heed to the merger of crime and punishment in § 844(a), the court rationalized, "would make an idol to exalting form over substance." *Id.* at 27. As important as what the court did consider is what it did not. First, because the instruction was requested by the defendant, the court explicitly refused to address whether the character of the controlled substance as cocaine base is an element of a separate offense under § 844(a). Also, the court failed to consider the reasoning presented in *Sharp* for holding that quantity is an element of the offense, i.e., that the consequences of a felony conviction are so severe that to allow a sentencing judge to determine whether facts supporting a felony conviction are present would be "an usurpation of the historic role of the jury." *United States v. Sharp,* 12 F.3d at 608.

In *United States v. Deisch,* 20 F.3d 139 (5th Cir.1994), the Fifth Circuit Court of Appeals thoroughly discussed whether the third sentence in § 844(a) creates an independent offense of which character of the controlled substance is an element. The court first discussed *United States v. Michael,* 10 F.3d at 839-40, and expressed its agreement with the District of Columbia Circuit's analysis. *United States v. Deisch,* 20 F.3d at 144. The court went on to discuss the impact of the Fifth Amendment on the construction of § 844(a). First, the court stated that the indictment clause

---

[8]We note that Florida law also places a host of disabilities on convicted felons that are not placed on mere misdemeanor offenders. Included among the disabilities are withdrawal of voting rights, Fla. Stat. Ann. § 40.013; the right to run for political office, Fla. Const. 6 § 4; the right to possess a firearm, Fla. Stat. Ann. § 790.23; the right to be a firefighter, Fla. Stat. Ann. § 633.34; the right to administrate the estate of a deceased, Fla. Stat. Ann. § 733.302; and the right to enter certain professions or hold particular licenses (private investigator, yacht broker, & c.).

requires that every element of an offense appear in an indictment, *id.* at 146-47 (*citing United States v. Carll,* 105 U.S. (15 Otto) 611, 26 L.Ed. 1135 (1881)), and that the lack of an element in the indictment cannot be cured by later amendment or instructions to the jury. *Id.* at 146 (*citing Stirone v. United States,* 361 U.S. 212, 216-19, 80 S.Ct. 270, 272-74, 4 L.Ed.2d 252 (1960)). By contrast, noted the court, mere sentencing facts need not be alleged in the indictment. *Id.* at 146 (*citing United States v. Vasquez-Olvera,* 999 F.2d 943, 944-45 (5th Cir.1993)).[9] From these two premises, the court concluded:

> Accordingly, if the third sentence of section 844(a) does not create a separate offense and the only offense established by section 844(a) is the knowing possession of any controlled substance as denounced in the first sentence thereof, so that the identity of the substance possessed as cocaine base is not an element of any section 844(a) offense but is only a sentencing factor, then, even if an indictment were required, nevertheless it would not have to allege that the controlled substance possessed was cocaine base. However, were that the rule, then any defendant without a prior conviction, such as Deisch, would be exposed to "an infamous punishment" without a grand jury ever having considered whether there was probable cause to believe that the defendant did that which the law requires she have done before she can be exposed to any infamous punishment. Such a rule—which is the necessary consequence of holding that under section 844(a) the identity of the substance as cocaine base is merely a sentencing factor—would emasculate the protection intended by the Fifth Amendment's indictment clause. *If no indictment were required, then obviously such a section 844(a) defendant could be exposed to "infamous punishment" without the protection of a grand jury. But if an indictment is required because the punishment may be infamous if (and only if) cocaine base is what is possessed, then it is wholly illogical to authorize a punishment of that character even though the indictment does not allege cocaine base. That which requires the grand jury must likewise require allegation in the indictment, else the presence of the grand jury does nothing to subserve the purpose of requiring it.*

*Id.* at 146-47 (emphasis added).

In *United States v. Smith,* 34 F.3d 514, 518-20, the Seventh Circuit Court of Appeals followed the Second Circuit's holding in *Monk* that the quantity of cocaine base possessed is not an

---

[9]This court has held similarly. *See United States v. Bennett,* 928 F.2d 1548, 1556 (11th Cir.1991) (" "[C]onduct not contained in the indictment may be considered at sentencing.' *United States v. Ignancio Munio,* 909 F.2d 436, 439 (11th Cir.1990) (per curiam). This concept applies even when considering the amount of drugs under the "relevant conduct' provision of the Guidelines. *Id.* at 438-39.")

element of a possession of a controlled substance crime under § 844(a). In so concluding, the court

disputed the holding of the Sixth Circuit in *Sharp.*

> Our disagreement with this reasoning stems from the fact that the Supreme Court made clear in *Spaziano v. Florida,* 468 U.S. 447, 459, 104 S.Ct. 3154, 3161, 82 L.Ed.2d 340[ ] (1984), that the "Sixth Amendment never has been thought to guarantee a right to jury trial determination" of "the appropriate punishment to be imposed on an individual." *See also United States v. McKenzie,* 922 F.2d 1323, 1327 (7th Cir.[1991] ) (stating that "the sixth amendment requires that a jury determine only questions of guilt or innocence; punishment is the province of the court"), *cert. denied,* 502 U.S. 854, 112 S.Ct. 163, 116 L.Ed.2d 127 (1991). Yet in *Sharp,* the Sixth Circuit assumed that the Sixth Amendment required just that—i.e, that the attendant deprivations of a felony sentence require that a jury decide any issue that may make the offense a felony. In the context of possession of cocaine base under § 844(a), this erroneous assumption led to the conclusion that the jury had to determine the quantity of the cocaine base possessed for the offense to constitute a felony. However, the Supreme Court's refusal in *Spaziano* to extend the Sixth Amendment right to a jury determination of a capital sentence severely undercuts the Sixth Circuit's conclusion that a defendant has a right to have a jury make any determination bearing on whether the offense for which the defendant has been convicted constitutes a felony.

*United States v. Smith,* 34 F.3d at 519-20.[10] The court also noted that if all factors that could turn

a misdemeanor into a felony offense were required as elements of the felony offense, the number

of prior convictions would be among the elements of the felony offense. *Id.* at 520.[11] The court did

not address the issue of whether the character of the controlled substance is an element of a § 844(a)

offense, nor did it address the concern raised in *Deisch* concerning denial of the right to indictment

---

[10]The Seventh Circuit Court of Appeals discussion of *Spaziano v. Florida,* 468 U.S. 447, 459, 104 S.Ct. 3154, 3161-62, 82 L.Ed.2d 340 (1984), is inapposite to the issue of whether the third sentence of § 844(a) states an offense. *Spaziano* merely addressed whether the imposition of the death penalty should be left to judge or jury at the sentencing phase of trial. *Spaziano,* 468 U.S. at 462, 104 S.Ct. at 3163. The Supreme Court was not required to determine whether imposition of one felony punishment, the death penalty, rather than another, life imprisonment, required the jury to determine additional facts during the guilt phase of trial.

[11]This circuit is among those to have determined that the number of prior convictions is generally a sentencing factor. *See United States v. McGatha,* 891 F.2d 1520, 1526-27 (11th Cir.1990), *cert. denied,* 495 U.S. 938, 110 S.Ct. 2188, 109 L.Ed.2d 516 (1990); *United States v. Palacios-Casquete,* 55 F.3d 557, 560 (11th Cir.1995), *cert. denied,* 516 U.S. 1120, 116 S.Ct. 927, 133 L.Ed.2d 855 (1996).

by a grand jury. *Smith* at 520 n. 2.

The Ninth Circuit Court of Appeals has also held that the third sentence of § 844(a) does not create an offense independent of that stated in the first sentence of § 844(a). *United States v. Butler,* 74 F.3d 916 (9th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 392, 136 L.Ed.2d 308 (1996). The Ninth Circuit based its conclusion primarily on a statutory analysis.

> The first sentence of subsection 844(a) unquestionably contains all the elements of a crime. See *Morissette v. United States,* 342 U.S. 246, 251, 72 S.Ct. 240, 243, 96 L.Ed. 288[ ] (1952) (at common law "[c]rime ... generally constituted only from concurrence of an evil-meaning mind with an evil-doing hand"). The words "[i]t shall be unlawful for any person knowingly or intentionally to possess a controlled substance" identify the mental state and the conduct Congress intended to prohibit.

> The second sentence of subsection 844(a) refers to the penalty to be imposed by the court for a violation of the crime of knowingly or intentionally possessing a controlled substance. See *United States v. Michael,* 10 F.3d 838, 840 (D.C.Cir.1993) ("[t]he second [sentence of subsection 844(a) ] establishes a penalty scheme for various persons who violate the prohibitions of the first sentence").

> The third sentence of subsection 844(a) was added by Congress in 1988. Pub.L. 100-690, § 6371. It begins with the words "[n]otwithstanding the preceding sentence, a person convicted under this subsection...." 21 U.S.C. § 844(a). Since the preceding sentence contains factors that must be considered in sentencing a person convicted of possession of a controlled substance, the words "[n]otwithstanding the preceding sentence" in the third sentence reflect Congress's intent to direct the district courts to impose more severe penalties if the controlled substance is cocaine base.

> In the second and third sentences of subsection 844(a), Congress referred to a violation or a conviction under "this subsection." The only crime defined in subsection 844(a) is the unlawful or intentional possession of a controlled substance.

> The most serious flaw in [the defendant's] argument that the third sentence of subsection 844(a) sets forth a separate crime of possession of a certain quantity of cocaine base is that the third sentence does not contain any reference to mental state. Unlike the first sentence, which refers to knowing or intentional possession, there is no reference to mens rea in the third sentence. To accept [the defendant's] construction of the third sentence, we would have to conclude that Congress intended to impose severe punishment on persons found in possession of in excess of five grams of cocaine base who had no knowledge that it was in their possession, or who had no intent to possess it.

> We would also have to ignore the fact that Congress required proof of knowing or intentional possession in the first sentence in defining the crime of possession of a controlled

substance. Cocaine base is a form of cocaine. Any "compound, mixture, or preparation" which contains cocaine is listed as a Schedule II controlled substance pursuant to 21 U.S.C. § 812(c)(II)(a)(4). We reject the notion that the third sentence sets forth a separate crime of possession of cocaine base.

Our construction of the plain meaning of the words used by Congress compels the conclusion that subsection 844(a) contains only one crime. Accordingly, where, as here, it was undisputed during the trial that the controlled substance possessed by the defendant was cocaine base in an amount that exceeded five grams, the district court must consider this evidence in imposing sentence, without first requiring the jury to render a special verdict regarding whether the amount possessed exceeded five grams.

*United States v. Butler,* 74 F.3d at 922. The Ninth Circuit then dismissed the argument that constitutional infirmities would grow out of the determination, citing *United States v. Smith,* 34 F.3d at 519-20, as the basis for its resolution.

OUR CONCLUSION.

The court must examine § 844(a) to determine if the statute expresses the meaning sought by the defendant—i.e., that it states a separate third sentence offense—or, at least, whether a reading of the statute reasonably supports two interpretations, one of which is a construction avoiding the likelihood of constitutional infirmity. *Almendarez-Torres v. United States,* --- U.S. ----, 118 S.Ct. 1219, --- L.Ed.2d ---- (1998). "[W]e must examine the language, structure and legislative history in determining whether the statute in question denounces a separate crime or provides for an enhanced sentence." *United States v. Palacios-Casquete,* 55 F.3d at 559. Unlike § 841, § 844(a) jumbles its offenses and penalties together. *See United States v. Puryear,* 940 F.2d 603-04. Consideration of the language in *all* portions of § 844(a) is required for proper construction of the third sentence of § 844(a). The first sentence clearly defines the elements of a criminal offense, that is, the knowing or intentional possession of *any* controlled substance not obtained by a valid prescription, & c. The Fifth Circuit Court of Appeals has noted that the elements of simple possession of a controlled substance described in the first sentence of § 844(a) "are (1) the knowing

possession (2) of a controlled substance." *United States v. Krout,* 66 F.3d 1420, 1431 (5th Cir.1995), *cert. denied,* 516 U.S. 1136, 116 S.Ct. 963, 133 L.Ed.2d 884 (1996). The second sentence clearly provides a misdemeanor penalty for a "violation" of the provisions stated in the first sentence, with the possibility of punishment as a felon if the violation follows defined previous conviction(s). It seems clear, based on rulings of this court and those of other circuit courts, that the prior conviction(s) described in the second sentence are usually sentencing factors to be considered by the trial judge and not the jury. *See United States v. McGatha,* 891 F.2d at 1525-27. Thus, the Government arguably need not allege the prior convictions in the indictment nor prove them at trial even though a "violation" of the provisions of the first sentence may result in either a misdemeanor sentence or felony sentence.[12]

The primary difficulty arises in interpreting the third sentence. The first clause states, "Notwithstanding the preceding sentence, a person convicted under this subsection for the possession of a mixture or substance which contains cocaine base shall be imprisoned not less than 5 years and not more than 20 years, and fined a minimum of $1,000...." 21 U.S.C. § 844(a). The beginning phrase, "Notwithstanding the proceeding sentence ...", may suggest that the third sentence

---

[12]This court has held that sentencing factors, such as those set out in § 841(b)—including the amount of the controlled substance that the defendant is charged with possessing—need not be averred in the indictment. *United States v. Harden,* 37 F.3d 595, 601 (11th Cir.1994), and *United States v. Perez,* 960 F.2d 1569, 1575 (11th Cir.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1421, 122 L.Ed.2d 790 (1993). So long as the defendant has notice of the factors to be considered in making the sentencing determination, that is usually enough to avoid constitutional problems. *United States v. Perez,* 960 F.2d at 1575. Regardless of a factor's appearance in the indictment or consideration by the jury, the presence or absence of a penalty sentencing factor is to be determined by the sentencing district judge, who need only find its existence by a preponderance of the evidence. *See McMillan v. Pennsylvania,* 477 U.S. 79, 84, 91, 106 S.Ct. 2411, 2415, 2418, 91 L.Ed.2d 67 (1986); *United States v. Perez,* 960 F.2d at 1575. It is not necessary for us, in this case, to reach the issue of whether a jump from a misdemeanor to a felony based upon prior conviction(s) requires the conviction(s) to be stated as an essential element of the offense in an indictment.

is a mere continuation of the sentencing penalty factors stated in the second sentence. Further ambiguity is, however, introduced in the following phrase, "... a person *convicted* under this subsection for the possession of a mixture or substance *which contains cocaine base ...*" (emphasis added). While the first sentence does not refer to either the type of controlled substance or the quantity thereof, the third sentence clearly requires a *conviction* "for the possession of a mixture or substance which contains cocaine base." *See United States v. Michael,* 10 F.3d at 840.

Section 844(a) of Title 21 was created by § 404(a) of the Controlled Substances Act of 1970, 1970 Pub.L. 91-513. The 1970 Act did not contain the third sentence, but only earlier versions of the first two sentences. In 1988, as part of the Omnibus Anti-Drug Abuse Act, 1988 Pub.L. 100-690, §§ 6371 & 6480, Congress introduced the third sentence at the end of the subsection (a) and modified the other two sentences. As interpretive aids in construing the third sentence of § 844(a), we can look to "the title of [the] statute and the heading of [the] section" in which it is introduced. *Trainmen v. Baltimore & Ohio R. Co.,* 331 U.S. 519, 528-29, 67 S.Ct. 1387, 1391-92, 91 L.Ed. 1646 (1947). *Also see Almendarez-Torres v. United States,* --- U.S. ----, 118 S.Ct. 1219. The subsection of the 1988 Act introducing the third sentence to § 844(a) had not one, but two titles directly attached to it:

SUBTITLE L—SERIOUS CRACK POSSESSION OFFENSES

SEC. 6371. INCREASED PENALTIES FOR CERTAIN SERIOUS CRACK POSSESSION OFFENSES.

Section 404(a) of the Controlled Substances Act (21 U.S.C. 844(a)) is amended by inserting after the second sentence the following new sentence....

1988 Pub.L. 100-690. There are *no* other sections under Subtitle L. The subtitle heading indicates that it deals with serious crack possession *offenses,* not simply additional penalties for possession where crack cocaine is involved. The title of the subsection provides for increased penalties for certain serious crack cocaine offenses, not merely increased penalties for possession of controlled

substances, the subject of the first sentence of § 844(a).

The legislative history also suggests that separate offenses were intended. Section 6371 of the 1988 Act was not a part of the original bill presented to the House, but was introduced into the bill by an amendment offered by Congressman Shaw. The purpose of the amendment, said Mr. Shaw, was to "slap drug dealers with a stiff minimum-mandatory prison sentence of 5 to 20 years for the possession of a minimum of 5 grams on a first offense, for the possession of 3 grams on a second offense, and the possession of 1 gram on a third offense." 134 Cong. Rec. H7704-01 (1988). Mr. Shaw also stated, "We must get to [drug dealers] with the harshest penalties possibly [sic.]." *Id.* The comments of Mr. Shaw would indicate that the purpose of the act was to raise the penalties on those whose possession of a controlled substance offense involved certain quantities of cocaine base. Congressman Lagomarsino, who also supported the bill, stated its purpose to be "to impose mandatory criminal penalties for crack possession." *Id.* This would indicate that the focus was on raising penalties for a particular type of offenses, possession of various quantities of crack cocaine.

Subsequent to the passage of the Anti-Drug Abuse Act of 1988, the Senate Judiciary Committee performed a section analysis of the statute to provide it with some legislative history.[13] The section of the analysis dealing with the introduction of the third sentence in § 844(a) states:

> Section 6371 amends the simple possession statute in the Controlled Substances Act (21 U.S.C. 844) to require a mandatory minimum penalty of 5 years' imprisonment for possession of 5 grams of "crack" cocaine. A similar penalty applies to smaller amounts of "crack" where such possession represents a second or subsequent offense.

134 Cong. Rec. S17360-02 (1988).

In view of the constitutional questions that would stem from holding that the third sentence

---

[13]The Act had come together rather informally and as a result there was little in the way of legislative history predating the passage of the Act. *See Hon. Daniel P. Moynihan, Drug Addiction is a Disease of the Brain,* 135 Cong. Rec. S7091-02, S7091-S7093 (1989).

of § 844(a) does not create a separate crime, "[a]nother rule of statutory construction ... is pertinent here:  where an otherwise acceptable construction of a statute would raise serious constitutional problems, [we] will construe the statute to avoid the problems unless such construction is plainly contrary to the intent of Congress." *DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council,* 485 U.S. 568, 575, 108 S.Ct. 1392, 1397, 99 L.Ed.2d 645 (1988).  The doctrine of "constitutional doubt" permits the court to read a statute that is "genuinely susceptible to two constructions ... after its complexities are unraveled" in a manner that avoids "a serious likelihood that the statute will be held unconstitutional."  *Almendarez-Torres v. United States,* --- U.S. at ----, 118 S.Ct. at 1228.  Because we find that construing the third sentence of § 844(a) to create a separate crime from that stated in the first sentence is a reasonable construction of the statute, we must adopt it to avoid the constitutional questions.  *DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council,* 485 U.S. at 575, 108 S.Ct. at 1397. (" "the elementary rule is that every reasonable construction must be resorted to, in order to save a statute from unconstitutionality' ")(*quoting Hooper v. California,* 155 U.S. 648, 657, 15 S.Ct. 207, 210, 39 L.Ed. 297 (1895)).  We conclude that the structure and language of § 844(a) provides reasonable support to construing the third sentence as embodying an offense, essential elements of which are the possession of a mixture or substance containing (1) in excess of five grams of (2) cocaine base.

We find compelling the reasoning of the Fifth Circuit Court of Appeals in *United States v. Deisch,* 20 F.3d at 144-48, that the Indictment Clause of the Fifth Amendment requires us to treat the third sentence as stating a substantive offense of the possession of a mixture or substance containing cocaine base.  The reasoning in *Deisch* is equally persuasive on the issue of whether quantity of the substance is an element of the substantive § 844(a) offense.  As the Fifth Circuit Court of Appeals held in *United States v. Fitzgerald,* 89 F.3d 218, 222 (5th Cir.1996), *cert. denied,*

--- U.S. ----, 117 S.Ct. 446, 136 L.Ed.2d 342 (1996), the reasoning of *Deisch* requires not only that possession of cocaine base be an element of the offense, but that the quantity of the cocaine base be an element of the offense as well.

> In *Deisch,* a panel of this Court decided whether possession of cocaine base under 21 U.S.C. § 844(a) was a lesser included offense of possession with intent to distribute cocaine base under 21 U.S.C. § 841(a)(1). Before reaching the final result, the Court concluded that the identity of the substance is an element of the offense based on the protections of the Indictment Clause of the Fifth Amendment. *Deisch,* 20 F.3d at 144-145. Any federal offense punishable by imprisonment for more than one year is an offense for which the Fifth Amendment requires a grand jury indictment. *Id.* While an indictment need not allege mere sentencing facts, any attribute that makes an otherwise misdemeanor offense a felony must be alleged in the indictment. *Id.* at 146-147. Because a quantity of cocaine base in excess of five grams makes misdemeanor possession of cocaine base a felony, the quantity of cocaine base is an essential element of felony possession of cocaine base proscribed in the third sentence of § 844(a). *See Deisch,* 20 F.3d at 148 n. 19; *accord, United States v. Sharp,* 12 F.3d 605 (6th Cir.1993).

*Id.*

After oral argument in this case, the Supreme Court decided *Almendarez-Torres v. United States,* --- U.S. ----, 118 S.Ct. 1219, --- L.Ed.2d ---- (1998). *Almendarez-Torres* addresses a similar issue as is involved here. As stated by the Court,

> Subsection (a) of 8 U.S.C. § 1326 defines a crime. It forbids an alien who once was deported to return to the United States without special permission, and it authorizes a prison term of up to, but no more than, two years. Subsection (b)(2) of the same section authorizes a prison term of up to, but no more than, 20 years for "any alien described" in subsection (a), if the initial "deportation was subsequent to a conviction for commission of an aggravated felony." § 1326(b)(2). The question before us is whether this latter provision defines a separate crime or simply authorizes an enhanced penalty. If the former, i.e., if it constitutes a separate crime, then the Government must write an indictment that mentions the additional element, namely a prior aggravated felony conviction. If the latter, i.e., if the provision simply authorizes an enhanced sentence when an offender also has an earlier conviction, then the indictment need not mention that fact, for the fact of an earlier conviction is not an element of the present crime.

> We conclude that the subsection is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. Consequently, neither the statute nor the Constitution require the Government to charge the factor that it mentions, an earlier conviction, in the indictment.

*Id.* at ---- - ----, 118 S.Ct. at 1220-21.

While *Almendarez-Torres* reaches an arguably different result than we reach, its issues are clearly distinguishable from those here and its general language supports our holding rather than prohibits it. In coming to its conclusion, the Court analyzed whether failure to treat prior aggravated felony conviction(s) as an element of a § 1326(b)(2) offense created a substantial likelihood that the Due Process Clause would be violated. *Id.* at ----, 118 S.Ct. at 1228. The Court then explicated a set of factors, drawn from *McMillan v. Pennsylvania,* 477 U.S. 79, 87-90, 106 S.Ct. 2411, 2416-18, 91 L.Ed.2d 67 (1986), that would govern the assessment of a claim that the Due Process Clause requires an ostensible sentencing factor to be treated as a substantive element of an offense.

> In assessing petitioner's claim, we have examined *McMillan* to determine the various features of the case upon which the Court's conclusion arguably turned. The *McMillan* Court pointed out: (1) that the statute plainly "does not transgress the limits expressly set out in [*Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) ]," *id.,* at 86, 106 S.Ct. at 2416[ ]; (2) that the defendant (unlike *Mullaney* 's defendant) did not face " "a differential in sentencing ranging from a nominal fine to a mandatory life sentence,' " 477 U.S., at 87, 106 S.Ct. at 2416[ ] (*quoting* [*Mullaney v. Wilbur,* 421 U.S. 684, 700, 95 S.Ct. 1881, 1890, 44 L.Ed.2d 508 (1975) ] ); (3) that the statute did not "alte[r] the maximum penalty for the crime" but "operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it," 477 U.S., at 87-88, 106 S.Ct. at 2416-17[ ]; (4) that the statute did not "creat[e] a separate offense calling for a separate penalty," *id.,* at 88, 106 S.Ct. at 2416[ ]; and (5) that the statute gave "no impression of having been tailored to permit the visible possession finding to be a tail which wags the dog of the substantive offense," but, to the contrary, "simply took one factor that has always been considered by sentencing courts to bear on punishment ... and dictated the precise weight to be given that factor," *id.* at 88, 89-90, 106 S.Ct. at 2416, 2418-19[ ].

*Id.* at ----, 118 S.Ct. at 1230.

We conclude that the Due Process Clause analysis in *Almendarez-Torres* supports Stone's contentions that the third sentence of § 844(a) states an offense. Our analysis focuses on the third and fifth factors suggested by the Supreme Court. We note that unlike the sentencing provision at issue in *McMillan,* which merely raised the minimum sentence applicable to the defendant, and the sentencing provision dealt with in *Almendarez-Torres,* which raised the maximum sentence without

raising the minimum, the penalties for first time offenders for simple possession in the second sentence and the third sentence of § 844(a) are mutually exclusive. The penalty stated in the third sentence not only raises the maximum imprisonment period, it raises the *minimum* penalty to above the *maximum* penalty under the second sentence. In addition, the potential sentences are not only disparate in length, they are disparate *in kind:* A sentence given under the second sentence for a first time offender will never be more than a misdemeanor, while a sentence given under the third can never be less than a felony with a statutory minimum of five years.

We also note the following, *inter alia,* distinctions between this case and *Almendarez Torres:*

(1) The Supreme Court emphasized that the relevant subject matter was recidivism "as typical a sentencing factor as one might imagine." *Id.* at ----, 118 S.Ct. at 1220. Prior conviction is not the issue here.

(2) The Supreme Court notes that "The title of the 1988 amendment is "Criminal penalties for reentry of certain deported aliens'.... A title that contains the word "penalties' more often, but certainly not always ... signals a provision that deals with penalties for a substantive crime." The title of § 844 *is* "Penalties for simple possession." A subtitle, however, is "(a) Unlawful acts; penalties." As noted in *Puryear, supra,* "section 844(a) does not attempt to divorce the prohibited act of drug possession from the drug quantities possessed. The statute contains no separate penalty section, but rather interweaves both definitional and penalty provisions throughout. Presented with this schema, we conclude that the statute makes drug quantity an integral part of the crime definition." *United States v. Puryear,* 940 F.2d at 603-04. *See also United States v. Michael,* 10 F.3d at 840.

(3) The language of the statute considered by the Court in *Almendarez-Torres* did not include, as is the case here, reference to a "conviction" of what follows. *See Michael,* 10 F.3d at 840.

(4) The Supreme Court emphasized, as did this court in *United States v. Palacios-Casquete,* 55 F.3d 557, 560 (11th Cir.1995), the prejudicial effect which can result from presenting evidence of previous conviction(s) to a jury. This is not a factor here.

(5) The penalty provisions here jump from a misdemeanor to a felony with a statutory minimum of five years. In *Almendarez-Torres,* there is only an increase in felony limits.

We conclude that *Almendarez-Torres* does not overrule the holdings in *United States v. Deisch,* 20 F.3d at 144-48, *United States v. Fitzgerald,* 89 F.3d at 222, *United States v. Puryear,* 940

F.2d at 603-04, *United States v. Michael,* 10 F.3d at 839-41, and *United States v. Sharp,* 12 F.3d at 608.[14]

## II

INVITED ERROR?

The Government contends that, even if we hold the third sentence of § 844(a) to state a separate offense, we are precluded from addressing any errors arising from misinterpretation of the statute because Stone invited those errors by requesting the jury instruction based on possession of cocaine base. The doctrine of invited error is implicated when a party induces or invites the district court into making an error. *Alabama Great Southern R. Co. v. Johnson,* 140 F.2d 968, 970-71 (5th Cir.1944). For example, a defendant can invite error by introducing otherwise inadmissible evidence at trial or by submitting an incorrect jury instruction to the district judge which is then given to the jury. Generally, an appellate court will not review an error invited by a defendant, on the rationale that the defendant should not benefit from introducing error at trial with the intention of creating grounds for reversal on appeal. *See United States v. Manton,* 107 F.2d 834, 838 (2d Cir.1939), *cert. denied,* 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012 (1940); *United States v. Allen,* 772 F.2d 1555, 1556 (11th Cir.1985). *See also The Philadelphia, Wilmington & Baltimore R.R. Co. v. Howard,* 54 U.S. (13 How.) 307, 333-34, 14 L.Ed. 157 (1851); *Thiede v. People of Territory of Utah,* 159 U.S. 510, 519-20, 16 S.Ct. 62, 65-66, 40 L.Ed. 237 (1895); *Matheson v. United States,* 227 U.S. 540, 542, 33 S.Ct. 355, 356, 57 L.Ed. 631 (1913); and *Shields v. United States,* 273 U.S. 583, 587-88, 47 S.Ct. 478, 479, 71 L.Ed. 787 (1927).

---

[14]We note with interest that *Almendarez-Torres* affirms a decision of the Fifth Circuit at 113 F.3d 515 (5th Cir.1996) which makes no reference to *United States v. Deisch, supra.* Further, the Supreme Court cites as a holding contrary to its holding the Ninth Circuit case of *United States v. Gonzalez-Medina,* 976 F.2d 570 (1992), which is not referred to in *United States v. Butler, supra.*

We reject the Government's contention that the invited error doctrine requires us to affirm Stone's sentence. The premise of the Government's invited error argument is that Stone requested a lesser-included charge of conspiracy to possess more than five grams of a substance containing cocaine base—the crime described in the third sentence of § 844(a). We conclude, however, that the trial judge gave a lesser-included offense instruction on conspiracy to commit the first sentence offense. The trial judge reiterated his instruction to the jury on the offense of conspiracy to possess a controlled substance with intent to distribute, absent the element of the intent to distribute. From this, it is clear that the trial judge only subtracted elements from the conspiracy to possess with intent to distribute offense in order to derive the offense of conspiracy to possess a controlled substance.[15]

---

[15]In any case, the trial judge could not have instructed on the third sentence offense. Elements of the offense under § 846 and the third sentence of § 844(a)—agreement to (1) possess cocaine base (2) in an amount of greater than five grams—are not shared with the parent offense. The Supreme Court has advanced an elements test for evaluating whether one offense is a lesser-included offense of another offense. *Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 1450-51, 103 L.Ed.2d 734 (1989). For an offense to be a lesser-included offense of a parent offense, its elements must be contained within the elements of the parent offense, i.e., the elements of the prospective lesser-included offense must be a subset of those contained in the parent offense. *Id.* Failure of a "lesser-included offense" to have all of its elements contained in a parent offense results in constructive amendment of the indictment in violation of the Grand Jury Clause of the Fifth Amendment. *See Schmuck v. United States,* 489 U.S. 705, 717-18, 109 S.Ct. 1443, 1451-52, 103 L.Ed.2d 734 (1989); *Stirone v. United States,* 361 U.S. 212, 215-16, 80 S.Ct. 270, 271-73, 4 L.Ed.2d 252 (1960); *Ex parte Bain,* 121 U.S. 1, 5-14, 7 S.Ct. 781, 783-88, 30 L.Ed. 849 (1887); and *Thomas v. Harrelson,* 942 F.2d 1530, 1531 (11th Cir.1991). As the court in *Deisch* stated:

> All cocaine base is cocaine, and all is a controlled substance; all cocaine is a controlled substance; but not all cocaine is cocaine base. That the controlled substance possessed is cocaine base is an element of the offense denounced by the third sentence of section 844(a), but is not an element of any offense denounced by section 841(a)(1). Therefore, under the "statutory elements test" a violation of the third sentence of section 844(a) can not be a lesser included offense under an indictment charging possession with intent to distribute in violation of section 841(a)(1), even if, as here, the indictment alleges that the controlled substance is cocaine base.

*United States v. Deisch,* 20 F.3d at 152.

The discussions of the trial judge and Stone's attorney occurring at the sentencing phase of the trial demonstrate that the issue of the proper construction of § 844(a) as related to sentencing was an issue before the district court. The defendant did not invite being sentenced as a felon under § 844(a) as opposed to being sentenced as a misdemeanant. The sentencing issue was, therefore, not forfeited nor knowingly and understandingly waived. Given that the defendant was convicted of conspiracy to commit the offense stated in the first sentence of § 844(a), it was inappropriate for the trial judge to sentence him as though he were convicted for conspiracy to commit the offense described in the third sentence of that statute. Stone was convicted of a misdemeanor.[16] We VACATE the Count I sentence of Stone.

## CONCLUSION

We REVERSE Stone's conviction and sentence under Count III. We also VACATE the sentence of Stone under Count I and REMAND for resentencing. We AFFIRM all other convictions and sentences.

BLACK, Circuit Judge, specially concurring:

I concur in the result.

---

[16]*See United States v. Michael, supra,* 10 F.3d at 841.