[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15652
Non-Argument Calendar

_____

D. C. Docket No. 07-00062-CR-FTM-29SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO PAREDES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 9, 2008)**

Before DUBINA, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Rogelio Paredes appeals his sentence of 41 months' imprisonment

imposed after he pled guilty to illegal reentry by an alien previously deported as an aggravated felon, 8 U.S.C. § 1326(a), (b)(2).

On appeal, Paredes argues that the sentence imposed by the district court is unreasonable because that court failed to give adequate weight to certain 18 U.S.C. § 3553(a) factors. Specifically, Paredes states that the court should have given more weight to evidence of (1) his cultural assimilation, (2) his hard working nature, and (3) the fact that he had not been arrested since the birth of his daughter.

This court has previously held that "[i]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Ross*, 131 F.3d 970, 988 (11th Cir. 1997) (citation omitted). The doctrine of invited error applies to situations in which "a party induces or invites the district court into making an error." *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998).

Because the record demonstrates that Paredes requested, and ultimately received, a low-end guideline sentence and because he never objected to the 41-month sentence at the sentencing hearing, we conclude that he invited any error that may have occurred, and may not now challenge the reasonableness of his sentence. Accordingly, we affirm Paredes's sentence.

**AFFIRMED.**