[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11591
Non-Argument Calender
_____

D.C. Docket No. 1:10-cr-00103-CAP-GGB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL BERNAL-PEREZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 15, 2012)

Before TJOFLAT, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

Daniel Bernal-Perez pleaded guilty to one count of possession of firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5). The presentence investigation report recommended a base offense level of 22 under United States Sentencing Guidelines § 2K2.1(a)(3) (Nov. 2010). The PSR added 2 levels under § 2K2.1(b)(1)(A) because the offense involved four firearms; 4 levels under § 2K2.1(b)(5) because Bernal-Perez had engaged in firearm trafficking; and 4-levels under § 2K2.1(b)(6) because he possessed a firearm in connection with drug distribution. The PSR subtracted 3 levels under § 3E1.1 for acceptance of responsibility, which resulted in a total offense level of 29, and it determined that he had a criminal history category of III. For that reason, it recommended a guidelines range of 108 to 120 months in prison. Bernal-Perez did not file any objections to the PSR.

At sentencing the government asked the district court to remove the 4-level drug-distribution enhancement under § 2K2.1(b)(6). The court asked Bernal-Perez's lawyer if he wanted to make any argument on his client's behalf, and Bernal-Perez's lawyer said, "No, Your Honor. We would ask that you accept the guideline recommendation as proposed by the United States with the adjustment." The court removed the 4-level enhancement under § 2K2.1(b)(6) and calculated a total offense level of 25, a criminal history category of III, and a guidelines range

2

of 70 to 87 months in prison.  The court sentenced Bernal-Perez to 84 months in prison, followed by 36 months of supervised release.

Bernal-Perez appeals, contending that the district court miscalculated his guidelines range.  He argues that there was not enough evidence to support the 4-level enhancement for firearm trafficking under § 2K2.1(b)(5).  At sentencing, however, Bernal-Perez asked the court to "accept the guideline recommendation as proposed by the United States with the adjustment," and the court did as Bernal-Perez asked.  "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party."  United States v. Ross, 131 F.3d 970, 988 (11th Cir. 1997) (quotation marks omitted).  If a "party induces or invites the district court into making an error," United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998), "it precludes a[n appellate] court from . . . reversing," United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005) (quotation marks omitted).  Because Bernal-Perez invited the district court to apply the § 2K2.1(b)(5) enhancement, we do not reach the merits of his argument that court erred in doing so.  See id.

**AFFIRMED.**