**UNITED STATES of America,**
**Plaintiff,**

v.

**Michael A. FAVORS, Michael Green**
**and Frank McMillan,**
**Defendants.**

**No. Civ.A.1:99–CR–48–TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

July 1, 1999.

Stephanie Elaine Gabay–Smith, Office of U.S. Atty., Atlanta, GA, for U.S.

Stanley M. Baum, Bates & Baum, Atlanta, GA, for Michael A. Favors, defendant.

Patrick Francis McMahon, Office of Patrick F. McMahon, Atlanta, GA, for Michael Green, defendant.

Vionnette Reyes, Federal Defender Program, Atlanta, GA, for Frank McMillan, defendant.

*ORDER*

THRASH, District Judge.

The Defendants in this case are accused in Count I of the Indictment with conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846. In Count II, Defendants Favors and Green are charged with distribution of crack cocaine in violation of 21 U.S.C. 841 and 18 U.S.C. § 2. In Count III, the Defendants are charged with distribution of crack cocaine in violation of 21 U.S.C. 841 and 18 U.S.C. § 2. The indictment does not allege the quantity of drugs involved. The Defendant McMillan filed a Motion to Dismiss the Indictment [Doc. 33] for failure to allege an element of the offenses charged, i.e., the quantity of drugs in-

volved. Defendants Favors and Green join in the Motion to Dismiss. The case is before the Court on the Report and Recommendation [Doc. 45] of the Magistrate Judge recommending that the Motion to Dismiss the Indictment be denied. For the reasons set forth below, the Court approves and adopts the Report and Recommendation as the judgment of the Court.

The Defendant's Motion to Dismiss relies upon the recent decision of the Supreme Court in *Jones v. United States,* — U.S. ——, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). The defendant in that case was convicted of using or aiding and abetting the use of a firearm during and in relation to a crime of violence and carjacking. In a five to four decision, the Supreme Court, in an opinion by Justice Souter, held that the provisions of the carjacking statute that established higher penalties when the offense resulted in serious bodily injury or death set forth additional elements of the offense, not mere sentencing considerations. Defendant relies upon the language in footnote 6 which states:

> The dissent repeatedly chides us for failing to state precisely enough the principle animating our view that the carjacking statute, as construed by the Government, may violate the Constitution. *See Post,* at 1229, 1235–1236, 1237. The preceding paragraph in the text expresses that principle plainly enough, and we re-state it here: under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. Because our prior cases suggest rather than establish this principle, our concern about the Government's reading of the statute rises only to the level of doubt, not certainty. Contrary to the dissent's

suggestion, the constitutional proposition that drives our concern in no way "call[s] into question the principle that the definition of the elements of a criminal offense is entrusted to the legislature." *Post,* at 1236 (internal quotation marks omitted). The constitutional guarantees that give rise to our concern in no way restrict the ability of legislatures to identify the conduct they wish to characterize as criminal or to define the facts whose proof is essential to the establishment of criminal liability. The constitutional safeguards that figure in our analysis concern not the identity of the elements defining criminal liability but only the required procedures for finding the facts that determine the maximum permissible punishment; these are the safeguards going to the formality of notice, the identity of the factfinder, and the burden of proof.

*Id.,* 119 S.Ct. at 1224, n. 6. The drug statutes the Defendants are accused of violating make the minimum and maximum penalties dependant upon the amount of drugs involved in a particular case. The indictment contains no allegation as to the quantity of drugs involved in this case. Therefore, following *Jones,* the Defendants contend that it must be dismissed. The government responded by arguing that drug quantity is a sentencing factor rather than an element of the offense under the drug statutes.

The issue in this case requires examination of two recent five to four Supreme Court decisions in the context of well established Eleventh Circuit jurisprudence. In early 1998, the Supreme Court decided *Almendarez– Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Almendarez–Torres* addressed the issue involved here in the context of § 8 U.S.C. 1326. Subsection (a) forbids an alien who once was deported to return to the United States without special permission, and it authorizes a prison term of up to, but no more than, two years. Subsection (b)(2) of the same section authorizes a

prison term of up to, but no more than, 20 years for "any alien described" in subsection (a), if the initial "deportation was subsequent to a conviction for commission of an aggravated felony." The question before the Court was whether this latter provision defines a separate crime or simply authorizes an enhanced penalty. If the former, i.e., if it constitutes a separate crime, then the Government must obtain an indictment that mentions the additional element, namely a prior aggravated felony conviction. If the latter, i.e., if the provision simply authorizes an enhanced sentence when an offender also has an earlier conviction, then the indictment need not mention that fact, for the fact of an earlier conviction is not an element of the crime. The Court concluded that the subsection was a penalty provision, which simply authorizes a court to increase the sentence for a recidivist, and it does not define a separate crime. Consequently, neither the statute nor the Constitution require the Government to charge the factor that it mentions, an earlier conviction, in the indictment. *Id.,* 118 S.Ct. at 1222. In *Almendarez–Torres,* the Court expressly referred to the provisions of 21 U.S.C. § 841(b) as Congressionally mandated "sentencing enhancements." *Id.,* 118 S.Ct. at 1227.

In *Almendarez–Torres,* the Court then addressed the issue of whether the Due Process Clause required an ostensible sentencing factor to be treated as a substantive element of an offense. The Court identified a set of factors, drawn from *McMillan v. Pennsylvania,* 477 U.S. 79, 87–90, 106 S.Ct. 2411, 2416–18, 91 L.Ed.2d 67 (1986), that would govern the assessment of a claim that the Due Process Clause requires an ostensible sentencing factor to be treated as a substantive element of an offense. The *McMillan* factors included: (1) that the statute plainly "does not transgress the limits expressly set out in [*Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) ];" (2) that the defendant did not face a differential in sentencing ranging from a nominal

fine to a mandatory life sentence; (3) that the statute did not alter the maximum penalty for the crime, but operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it; (4) that the statute did not create a separate offense calling for a separate penalty; and (5) that the statute gave no impression of having been tailored to permit the sentencing enhancement to be a tail which wags the dog of the substantive offense, but, to the contrary, simply took one factor that has always been considered by sentencing courts to bear on punishment and dictated the precise weight to be given that factor. *Id.,* 118 S.Ct. at 1230. Applying those factors, the Court found that recidivism was a permissible sentencing enhancement, and that there was no Due Process violation by failure to treat it as a substantive element of the offense.

Before proceeding to *Jones,* it should be noted that there is a fairly well established body of Eleventh Circuit caselaw holding that drug quantities are to be considered as sentencing enhancements rather than substantive element of the offense. In *United States v. Perez,* 960 F.2d 1569 (11th Cir.1992) *(per curiam ),* cert. denied, 507 U.S. 975, 113 S.Ct. 1421, 122 L.Ed.2d 790 (1993), the Eleventh Circuit held that "[b]ecause the quantity of controlled substance triggering the enhanced penalties provided in § 841(b) is relevant only at sentencing, there is no reason that the quantity involved must necessarily appear in the indictment if the defendant is otherwise on adequate notice that enhanced penalties are available." *Id.* at 1574 In *Perez,* the court went on to state that if the existence of the requisite quantity for the enhancement is established by a preponderance of the evidence at sentencing and due process requirements are met, then "courts are constrained to apply the sentencing framework established by statute, notwithstanding absence of quantitative references in the indictment." *Id.* at 1575. Perez was followed by the Eleventh Cir-

cuit in *United States v. Harden,* 37 F.3d 595, 601–02 (11th Cir.1994); *United States v. Coy,* 19 F.3d 629, 637 (11th Cir.1994); and *United States v. Stone,* 139 F.3d 822, 834, n. 12 (11th Cir.1998).[1]

Then along came *Jones.* The question for decision is whether the Supreme Court in Justice Souter's footnote 6 has overruled and repudiated the approach of *McMillan* and *Almendarez–Torres.* The Court does not believe that it did. In the final analysis, *Jones* resolved the issue at hand as a matter of statutory construction, applying the rule that "where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter." *Jones,* 119 S.Ct. at 1222. After footnote 6, Justice Souter discussed at length the series of cases culminating in *McMillan* and *Almendarez–Torres.* For example, he described the holding of the latter as follows:

> *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), decided last Term, stands for the proposition that not every fact expanding a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged. But the case is not dispositive of the question here, not merely because we are concerned with the Sixth Amendment right to jury trial and not alone the rights to indictment and notice as claimed by *Almendarez–Torres,* but because the holding last Term rested in substantial part on the tradition of regarding recidivism as a sentencing factor, not as an element to be set out in the indictment. The Court's repeated emphasis on the distinctive significance of recidivism leaves no question that the Court regarded that fact as potentially distinguishable for constitutional purposes from other facts that might extend the range of possible sentencing.

*Jones,* 119 S.Ct. at 1226–27. This discussion would have been unnecessary if footnote 6 articulates a new rule of constitutional jurisprudence that must be applied to all other traditional sentencing enhancements.

Applying the factors set forth in *McMillan* and *Almendarez–Torres,* the Court concludes that the Defendants' Fifth and Sixth Amendment rights are not violated by treating the drug quantities as sentencing enhancements rather than substantive elements of the offense in this case. Drug quantities have traditionally been treated as a sentencing factor like recidivism. Congress clearly intended the sentencing enhancements in 21 U.S.C. § 841(b) to be sentencing enhancements rather than separate substantive offenses. As in *Almendarez–Torres,* there is only an increase in the felony limits. *See Stone,* 139 F.3d at 838–39. Therefore, the Defendant's Motion to Dismiss [Doc. 33] is DENIED.

---

1. The Report and Recommendation of the Magistrate Judge correctly indicates that the quotation attributed to the Eleventh Circuit on page 3 of the Government's Response to Defendant's Motion to Dismiss Indictment is actually from a Tenth Circuit Court of Appeals opinion that the Eleventh Circuit quoted in its survey of other Circuit Court opinions in *Stone. Id.* 139 F.3d at 828. The Government improperly attributes this quotation to the Eleventh Circuit.