UNITED STATES of America, Plaintiff,

v.

Clifton Sterling BENNETT, Defendant.

No. CR. A. 4:98–CR–0037–7.

United States District Court, N.D. Georgia, Rome Division.

July 14, 1999.

James W. Kesler, Assistant U.S. Attorney, Atlanta, GA, for plaintiff.

Ruth Marks, Mount Berry, GA, for defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on Defendant's Motion to Adopt Co–Defendant's Motion to Dismiss Indictment [247], the Report and Recommendation of Magistrate Judge Scofield [288], and Defendant's Motion to Adopt Co–Defendant's Objections [295].

### I. Background

On December 17, 1998, a federal grand jury sitting in the Northern District of Georgia returned a twenty-one count superseding indictment. In count one of the indictment, the Government charges Defendant with conspiracy to possess with the intent to distribute methamphetamine and amphetamine in violation of 21 U.S.C.A. § 846. The indictment does not allege the amount of drugs involved in the conspiracy.

On March 29, 1999, co-defendant Gregory Ledon Smith, who is charged in the same count as Defendant, filed a motion to dismiss the indictment. On April 9, 1999, Defendant filed a Motion to Adopt Defendant Smith's Motion.

Relying on a recent Supreme Court opinion, *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), Defendant Smith argued in his Motion that the Government failed to allege an element of the offense charged—the quantity of drugs involved in the conspiracy. Because the Government failed to allege drug quantity, Defendant Smith argued that the Court should dismiss the indictment.

On June 8, 1999, Magistrate Judge Scofield issued a Report and Recommendation denying Defendant Smith's Motion to Dismiss Indictment. The next day, Magistrate Judge Scofield issued a Report and Recommendation granting Defendant's Motion to Adopt Defendant Smith's Motion, and denying Defendant's Adopted Motion to Dismiss Indictment for the same reasons specified in the Report and Recommendation denying Defendant Smith's Motion to Dismiss Indictment.

On June 21, 1999, Defendant Smith filed his Objections to Magistrate Judge Scofield's Report and Recommendation. On that same day, Defendant filed a Motion to Adopt Co-defendant's Objections, and filed an Objection to Magistrate Judge Scofield's Report and Recommendation based upon *Jones*.

The Court agrees with Magistrate Judge Scofield that Defendant and Co–Defendant Smith are in substantially the same posture with respect to the indictment. The Court therefore grants Defendant's Motion to Adopt Co–Defendant's Motion to Dismiss Indictment and grants Defendant's Motion to Adopt Co–Defendant's Objections to Magistrate's Report and Recommendation. For the reasons that follow, the Court approves and adopts the Report and Recommendation.

### II. Discussion

The Due Process Clause of the Fourteenth Amendment requires the Government to prove the essential elements of a crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Additionally, the Government must include all elements of a crime in an indictment. *Almendarez–Torres v. United States*, 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Sentencing considerations, on the other hand, need not be alleged in the indictment. *Id.*

The distinction between the elements of a crime and sentencing factors generally is left in the hands of the legislature. *McMillan v. Pennsylvania*, 477 U.S. 79,

85, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). "But there are obviously constitutional limits beyond which the States may not go in this regard." *Patterson v. New York*, 432 U.S. 197, 210, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). Despite the obvious existence of these limitations, the Supreme Court has yet to fully describe their breadth— unless Defendant is correct in his reading of *Jones*.

### A. *Jones v. United States*

The question in *Jones* was whether the federal carjacking statute, 18 U.S.C.A. § 2119, described a single crime with a choice of three maximum penalty provisions or set forth three distinct offenses. Section 2119 provides:

Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—

(1) be fined under this title or imprisoned not more than 15 years, or both,

(2) if serious bodily injury (as defined in section 1365 of this title . . .) results, be fined under this title or imprisoned not more than 25 years, or both, and

(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

§ 2119. The indictment in *Jones* did not allege that serious bodily injury or death resulted from the defendant's conduct, and a jury convicted the defendant based solely on the elements described in the first paragraph of § 2119. 526 U.S. at ——, 119 S.Ct. at 1218.

The presentence report, however, recommended that the defendant be sentenced to twenty-five years of imprisonment in accordance with paragraph two of § 2119, even though the factual issue of "serious bodily injury" was neither alleged in the indictment nor submitted to a jury. *Id.* The defendant objected that "serious bodily injury" was an element of the offense described in paragraph two of § 2119, and he therefore was not subject to a twenty-five year sentence. *Id.*

To determine whether § 2119 defined three distinct offenses or a single crime with a choice of three maximum penalties, the Supreme Court first examined the text of § 2119. *Id.* at 1219–20. Finding that "[t]he text alone does not justify any confident inference," the Court then compared the statutory language with analogous criminal statutes. *Id.* at 1220–21. The Court also discussed state statutes and legislative history. *Id.* at 1221–22. After reviewing these resources to discern the Congressional intent behind § 2119, the Supreme Court concluded that "[w]hile we think the fairest reading of § 2119 treats the fact of serious bodily harm as an element, not a mere enhancement, we recognize the possibility of the other view." *Id.* at 1222. To bolster the Supreme Court's construction of § 2119, the Court relied upon the principle of constitutional doubt, and it is this discussion that is important to the case at hand. *Id.*

Because the Government's interpretation of § 2119—treatment of "serious bodily injury" as a sentencing factor rather than an element of the crime—raised serious constitutional concerns, the Supreme Court construed the statute in a fashion that would not raise those concerns. *Id.* at 1228. The Supreme Court articulates these constitutional concerns as follows:

The dissent repeatedly chides us for failing to state precisely enough the principle animating our view that the carjacking statute, as construed by the Government, may violate the Constitution. See post, at 1229, 1235–1236, 1237. The preceding paragraph in the text expresses that principle plainly enough, and we re-state it here: under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indict-

ment, submitted to a jury, and proven beyond a reasonable doubt. Because our prior cases suggest rather than establish this principle, our concern about the Government's reading of the statute rises only to the level of doubt, not certainty.

*Id.* at 1224 n. 6. The Court also noted that a fair reading of prior cases could suggest "that the State lacked the discretion to omit 'traditional' elements from the definition of crimes and instead to require the accused to disprove such elements." *Id.* at 1223 (discussing effect of *Patterson,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281, on *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975)).[1]

Magistrate Judge Scofield's Report and Recommendation correctly notes that *Jones* rests upon the doctrine of constitutional doubt, and that these constitutional issues remain unsettled. (Magistrate Judge Scofield's Report and Recommendation on Co–Defendant Smith's Motion to Dismiss Indictment at 2–3.) While true, it is incumbent upon the Court to take seriously the Supreme Court's discussion in *Jones,* because "those who invoke the doctrine [of constitutional doubt] must believe that the alternative is a serious likelihood that the statute will be held unconstitutional." *Almendarez–Torres,* 523 U.S. at 238, 118 S.Ct. 1219.

## B. Does the Constitution Require the Government to Allege Every Fact that Increases the Maximum Penalty for a Crime in an Indictment?

As discussed above, the Constitution imposes some restriction on a legislature's ability to define the elements of a criminal offense. The scope of these constitutional limitations are at the heart of Defendant's Adopted Motion to Dismiss Indictment. Defendant does not question Magistrate Judge Scofield's conclusion that the text and statutory scheme set out in 21

U.S.C.A. § 841(b) unambiguously establish that drug quantity is a sentencing factor for the offense at issue. (Magistrate Judge Scofield's Report and Recommendation on Co–Defendant Smith's Motion to Dismiss Indictment at 4); *see also United States v. Stone,* 139 F.3d 822, 834 n. 12 (11th Cir.1998); *United States v. Perez,* 960 F.2d 1569, 1574 (11th Cir.1992); *United States v. Cross,* 916 F.2d 622, 623 (11th Cir.1990).

Rather, Defendant contends that regardless of the Congressional scheme behind § 841, *Jones* requires the Government to allege in an indictment "any fact (other than prior conviction) that increases the maximum penalty for a crime." (Co–Defendant Smith's Objections at 4.) Indeed, Defendant argues that *"Jones* has changed the constitutional landscape," and imposed a clear rule with respect to any fact, such as the amount of drugs attributable to a defendant, that increases the maximum penalty for a crime. (Co–Defendant Smith's Objections at 7.) Because the Government did not allege drug quantity in the indictment, Defendant argues that the indictment is constitutionally infirm.

The Supreme Court has repeatedly rejected the idea that "whenever a State links the 'severity of punishment' to 'the presence or absence of an identified fact' the State must prove that fact beyond a reasonable doubt." *McMillan,* 477 U.S. at 84, 106 S.Ct. 2411 (quoting *Patterson,* 432 U.S. at 214, 97 S.Ct. 2319). Furthermore, in *Almendarez–Torres,* the Supreme Court rejected a proposed "rule that any [factor resulting in a] significant increase in a statutory maximum sentence would trigger a constitutional 'elements' requirement." 523 U.S. at 247, 118 S.Ct. 1219. These cases establish that consideration of whether a fact could result in an increased maximum sentence, by itself, does not determine whether that fact is an element of

---

1. As the Court described these two precedents in *Almendarez–Torres, "Mullaney*'s language, if read literally, suggests that the Constitution requires that most, if not all, sentencing factors be treated as elements. But *Patterson*

suggests the exact opposite, namely, that the Constitution requires scarcely any sentencing factors to be treated in that way." 523 U.S. at 241, 118 S.Ct. 1219.

a crime and thus must be included in an indictment.

 *Jones* does nothing to alter the Court's rejection of such a bright-line rule.[2] Far from altering "the constitutional landscape," the Supreme Court observes in *Jones* that "our decision today does not announce any new principle of constitutional law." 526 U.S. at ——— n. 11, 119 S.Ct. at 1228 n. 11. In fact, with respect to the issues that must be resolved by a jury, the Supreme Court states: "It is not, of course, that anyone today would claim that every fact with a bearing on sentencing must be found by a jury; we have resolved that general issue and have no intention of questioning its resolution." 526 U.S. at ———, 119 S.Ct. at 1226. Because *Jones* does not stand for the proposition that every fact which exposes a criminal defendant to a higher maximum penalty must be alleged in an indictment, the Court denies Defendant's Motion to Dismiss Indictment. *See United States v. Favors,* 54 F.Supp.2d 1328, 1330–31 (N.D.Ga. 1999).

This Court's analysis of *Jones* does not mean that consideration of whether a fact increases the defendant's maximum penalty is irrelevant with respect to whether that fact must be alleged in an indictment and proved beyond a reasonable doubt. The Supreme Court emphasizes that whether a fact increases the potential severity of a penalty for a variant of a given crime has some constitutional importance. *Jones,* 526 U.S. at ——— – ———, 119 S.Ct. at

1223–24 (citing *McMillan,* 477 U.S. at 88, 106 S.Ct. 2411).

That single concern, however, may have to be considered alongside whether the fact has "traditionally" been considered an element or a sentencing factor. The Supreme Court in *Jones* noted that, in some cases, the Government may not be able to omit elements of criminal offenses that traditionally have been viewed as elements of those offenses. *Id.* at 1223. More importantly, the Supreme Court distinguished *Almendarez–Torres,* which involved the question whether a prior conviction—a fact that altered the maximum penalty for the crime at issue—was an element of that particular crime. The Supreme Court noted:

> [T]he holding last Term rested in substantial part on the tradition of regarding recidivism as a sentencing factor, not as an element to be set out in the indictment. The Court's repeated emphasis on the distinctive significance of recidivism leaves no question that the Court regarded that fact as potentially distinguishable for constitutional purposes from other facts that might extend the range of possible sentencing.

*Id.* at 1227. Regardless of how Congress parses criminal elements and sentencing considerations in a particular statute, the Government may be required to allege in an indictment all facts which increase the maximum penalty and traditionally have been considered elements of that particular crime.[3] Defendant, however, does not

---

**2.** In their separate concurrences in *Jones,* Justice Stevens and Justice Scalia express their views that the Constitution requires a jury to assess all facts that alter or increase the range of criminal penalties. 526 U.S. at ———, 119 S.Ct. at 1228 (Stevens J., concurring); *id.* at 1229 (Scalia J., concurring). The fact that Justice Stevens and Justice Scalia chose to write separately indicates that the majority opinion does not go as far as Defendant contends.

**3.** These two considerations, it turns out, reflect Justice Powell's dissent in *Patterson v. New York:*

> The Due Process Clause requires that the prosecutor bear the burden of persuasion

beyond a reasonable doubt only if the factor at issue makes a substantial difference in punishment and stigma. The requirement of course applies *a fortiori* if the factor makes the difference between guilt and innocence. But a substantial difference in punishment alone is not enough. It also must be shown that in the Anglo–American legal tradition the factor in question historically has held that level of importance.

432 U.S. at 226, 97 S.Ct. 2319 (Powell, J., dissenting). Although the Supreme Court in *Almendarez–Torres* listed a number of factors designed to help determine whether the Due Process Clause requires a particular fact to be treated as an element of a criminal offense,

make this argument; nor does Defendant challenge the conclusion that drug quantity, like recidivism, traditionally has been considered a fact relevant only to sentencing. For the foregoing reasons, the Court denies Defendant's Adopted Motion to Dismiss Indictment.

## III. Conclusion

ACCORDINGLY, the Court **GRANTS** Defendant's Motion to Adopt Co–Defendant's Motion to Dismiss Indictment [247], and **GRANTS** Defendant's Motion to Adopt Co–Defendant's Objections [295]. The Court **ADOPTS** the Report and Recommendation of Magistrate Judge Scofield [288].

IT IS SO ORDERED.

*see Favors,* 54 F.Supp.2d at 1330 (applying these factors to 21 U.S.C.A. § 841(b)), the

Court in *Jones* ignores those factors.