United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60693
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN HOWELL CLARK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:03-CR-2LN-7
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:

John Howell Clark pleaded guilty to one charge of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846.  This charge arose from Clark's participation in a scheme in which several individuals, including Clark, visited physicians and obtained prescriptions for controlled substances.  Joe Callahan paid for these individuals' prescriptions in exchange for a share of their drugs, which he then unlawfully distributed to others.

Clark objected to the presentence report and argued that the probation officer had erroneously calculated the amount of drugs

that was attributable to him for sentencing purposes.  He contended that some of the pills that he obtained were for his personal consumption, and he argued that these pills should not be used to calculate his sentence because they were not part of the conspiracy.  The district court overruled this objection and sentenced Clark to 18 months in prison and a three-year term of supervised release.

Clark now appeals his sentence.  He contends that the district court erred at sentencing by using the drugs that were for his personal consumption to calculate his base offense level.

This court reviews a district court's legal interpretation of the Sentencing Guidelines de novo.  United States v. Lowder, 148 F.3d 548, 552 (5th Cir. 1998).  A district court's findings of fact, including its findings concerning the amount of drugs for which a defendant should be held responsible, are reviewed for clear error.  Id.; United States v. Posada-Rios, 158 F.3d 832, 878 (5th Cir. 1998).

This court has not yet addressed whether the drug quantity calculation used to determine the base offense level for a conviction of conspiracy to distribute should include drugs a defendant possessed for his personal consumption.  However, every other circuit that has considered this issue has held that a district court properly considers the amount of drugs intended for a defendant's personal consumption when calculating the sentence for a conviction involving a drug conspiracy.  See

United States v. Page, 232 F.3d 536, 542 (6th Cir. 2000); United States v. Asch, 207 F.3d 1238, 1244 (10th Cir. 2000); United States v. Stone, 139 F.3d 822, 826 (11th Cir. 1998); United States v. Fregoso, 60 F.3d 1314, 1328-29 (8th Cir. 1995); United States v. Snook, 60 F.3d 394, 396 (7th Cir. 1995); United States v. Innamorati, 996 F.2d 456, 492 (1st Cir. 1993).

The logic of these cases is sound and is in accordance with the Sentencing Guidelines. Accordingly, we join our sister circuits and hold that a district court may properly consider drug amounts intended for the defendant's personal use when calculating the base offense level for a defendant convicted of participating in a drug conspiracy. The district court did not err in sentencing Clark. The judgment of the district court is AFFIRMED.