# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10101
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SCOTT MATTHEW GOSS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-156-2

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Scott Matthew Goss pleaded guilty to conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine, and the district court sentenced him to a below-guidelines sentence of 144 months of imprisonment. On appeal, Goss argues that the district court's finding that he was accountable for over six kilograms of methamphetamine was erroneous. He also contends that the district court's imposition of a two-level firearm

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement to his base offense level under U.S.S.G. § 2D1.1(b)(1) was erroneous and violated his due process rights.

We review the district court's determination of drug quantity for clear error and will affirm the finding as long as it is "plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citation omitted). Given that the district court's drug-quantity finding was based on sufficiently reliable evidence that Goss failed to rebut, he fails to show clear error. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012); *Betancourt*, 422 F.3d at 246; *see also United States v. Clark*, 389 F.3d 141, 142 (5th Cir. 2004).

We also review the district court's determination that Goss possessed a firearm for purposes of § 2D1.1(b)(1) for clear error. *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014). The Government submitted evidence at sentencing establishing that a "temporal and spatial relation existed between" a firearm, drug trafficking activity, and Goss. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764-65 (5th Cir. 2008). Given that Goss failed to submit any competent rebuttal evidence, he cannot show that the district court's application of the § 2D1.1(b)(1) enhancement was clear error. *See King*, 773 F.3d at 52. Additionally, we hold that Goss's argument that the district court's imposition of the § 2D1.1(b)(1) enhancement violated his due process rights has no merit. *See United States v. Hebert*, 813 F.3d 551, 564-65 (5th Cir. 2015); *United States v. Andaverde-Tiñoco*, 741 F.3d 509, 525 (5th Cir. 2013).

AFFIRMED.