[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 31, 2009
THOMAS K. KAHN
CLERK

No. 08-16737
Non-Argument Calendar
_____

D. C. Docket No. 08-14014-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE EDGAR ALEXANDER, III,
a.k.a. Lance Alexander,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 31, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Clarence Edgar Alexander, III, appeals from his 262-month sentence for

crimes stemming from his manufacture and distribution of methamphetamine. On

appeal, Alexander argues that: (1) the district court plainly erred in classifying him as a career offender; and (2) his sentence was procedurally and substantively unreasonable. After thorough review, we affirm.

We typically review the district court's application of the sentencing guidelines to the facts de novo. United States v. McGuinness, 451 F.3d 1302, 1304 (11th Cir. 2006). However, if a sentencing issue is raised for the first time on appeal, we review that issue only for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. Id. When these three factors are met, we may then exercise our discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 732 (1993). An error constitutes invited error and cannot serve as grounds for reversal if the appealing party "induces or invites the district court into making [the] error." United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998) (emphasis in the original). We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

The relevant procedural history is as follows. At the sentencing hearing, Alexander asked the district court to review whether the career offender sentencing enhancement "overstates his entry level of 37 as a career offender and [to] downward depart." The following exchange then took place:

THE COURT: Is that an option for me?

[ALEXANDER'S COUNSEL]: I believe it is. That you have the discretion under Booker to find that the criminal history overstates – I mean, that the classification –

THE COURT: I don't think there's any question that I can do that when it is a question of guideline provisions. My question is can I do that when it becomes a minimum mandatory based on I don't know . . . Let me – Mr. Cooley what's your position on that?

PROBATION OFFICER: Your Honor, you can vary downward as long as you don't go below the minimum mandatory sentence.

THE COURT: The statutory minimum mandatory.

PROBATION OFFICER: Right, which is ten years.

Later in the hearing, the district court analyzed Alexander's predicate offenses, and found that those offenses made Alexander a career criminal. Alexander's counsel responded that "No, I would agree with the court. Technically he is [a career criminal]." The court then said:

Then I think that if he is [a career criminal], then I think I would have to find some compelling reasons to go under, and you have not told me about all of his good deeds with Mother Theresa and the – you know, whatever else he has done to compensate for his less than

3

stellar background where, you know, perhaps if the state jail had more room and he had gotten five years or ten years on something that he had done before, he might have gotten the point. But I don't think that he's gotten the point at this time. He keeps getting [lenient sentences] . . . as an adult. Now, none of them are heinous, they sure don't strike me as canonization material, and they sure don't strike me as a reason to take him outside the category that he technically fits in.

The court added that:

I haven't heard any reason why I should take the big step of saying, you know, Booker permits me to go under and I'm going to do that because . . . fill in the blank. Give me the because. Because I haven't heard it yet.

The court then sentenced Alexander to 262 months' imprisonment, which was the low end of his guideline range. The court explained its sentence by stating that it had considered "the statutory factors," and "[b]ecause a sentence at the low end of the advisory range is sufficiently punitive to deter the defendant from further criminal conduct, a sentence will be imposed within and at the bottom of the advisory guideline range."

First, we reject Alexander's claim -- raised for the first time on appeal -- that the district court plainly erred by imposing the career offender enhancement. During the district court proceedings, Alexander twice conceded that he was a career offender, arguing that even though he was a career offender, the district court should use its discretion to impose a reduced sentence. Because Alexander told the district court that he was a career offender, the invited error doctrine bars

4

him from taking a contrary position on appeal. See Stone, 139 F.3d at 838. Moreover, Alexander's argument that he did not make a career offender concession until after the district court had already ruled on that issue is meritless because Alexander also conceded his career offender status in his objections to the presentence investigation report -- which were filed prior to the district court's ruling on the career offender issue. Accordingly, we can find no error in the district court's imposition of the career offender enhancement.

We are similarly unpersuaded by Alexander's arguments that his sentence was unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[1] If we conclude that the district court

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing

did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

The Supreme Court has recently made clear that the district courts are not permitted to presume that within-guideline sentences are reasonable. See Nelson v. United States, 129 S. Ct. 890, 892 (2009). In Nelson, the district court made the following statement during sentencing: "the Guidelines are considered presumptively reasonable," and so "unless there's a good reason in the [statutory sentencing] factors . . ., the Guideline sentence is the reasonable sentence." Id. at 891. In evaluating this statement, the Supreme Court emphasized that:

> Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable. In Rita we said as much, in fairly explicit terms: We repeat that the presumption before us is an appellate court presumption. . . . [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.

disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Id. at 892 (internal citations and quotation marks omitted). The Supreme Court found that even though the district court had viewed the Sentencing Guidelines as advisory, because the court presumed that a within-guideline sentence was reasonable, the resulting sentence was erroneous. Id.

As the record here shows, the district court did not go as far as the Nelson court in explicitly declaring the guidelines "presumptively reasonable." The most that Alexander can point to in support of his argument of procedural unreasonableness is that the district court concluded that the defendant had not offered "a compelling reason" for the court to take the "big step" of imposing a reduced sentence. However, the district court also expressly recognized that there was no "question that [the court] can [depart] when it is a question of guideline provisions," and that "Booker permits [the court] to go under." Moreover, after considering the parties' arguments, the district court determined "that a sentence at the low end of the advisory range is sufficiently punitive to deter the defendant from further criminal conduct." Thus, in context, the district court's use of the phrases "big step" and "compelling reason" does not indicate that it considered the guidelines presumptively reasonable, but rather, that the district court was, on this record, unwilling to go below the sentence it believed to be appropriate under the

circumstances. Without more, we cannot conclude that the district court procedurally erred in imposing Alexander's sentence.[2]

As for Alexander's other argument regarding procedural reasonableness, we do not agree that the district court failed to adequately explain the chosen sentence by not discussing the mitigating factors or why a lower sentence was inadequate. We recognize that the district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 128 S. Ct. at 597. In this case, the district court observed that Alexander had been sentenced too lightly in the past, and this lenient treatment resulted in his continuing life of crime. It further said that it was choosing a harsher sentence to deter and incapacitate Alexander from future criminal conduct -- an explanation that fully sets forth the court's reasons for selecting Alexander's sentence, and allows for meaningful appellate review. Therefore, the district court did not procedurally err in the manner in which it explained its chosen sentence.

Alexander has likewise failed to show that his sentence was substantively unreasonable. As we have held before, "ordinarily we would expect a sentence

---

[2] Cf. United States v. Layton, 564 F.3d 330, 337 (4th Cir. 2009) (upholding a sentence under Nelson where the district judge explained that while he "does not always agree with the Guidelines . . . in this case, I find no particularly persuasive treatises or argument or comment that would indicate that the ninety-seven or one hundred twenty months range is inappropriate") (emphasis added).

within the Guidelines range to be reasonable." <u>United States v. Talley</u>, 431 F.3d 784, 788 (11th Cir. 2005). Moreover, the district court found that Alexander was treated leniently with regard to his prior offenses, and that this lenient treatment failed to discourage him from committing further crimes. As a result, the following § 3553(a) factors favored a longer sentence to discourage Alexander from committing further crimes: (1) history and characteristics of the defendant; (2) need for adequate deterrence to criminal conduct; and (3) protection of the public from further crimes of the defendant. <u>See</u> 18 U.S.C. § 3553(a). In light of this record, Alexander's sentence was not substantively unreasonable.

**AFFIRMED.**