[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10282
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00040-CR-HLM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL GENE PHILLIPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 31, 2010)

Before EDMONDSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Darrell Gene Phillips appeals his 564-month total sentence imposed for drug and firearm offenses, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c). No reversible error has been shown; we affirm.

On appeal, Phillips argues that he should have received only a five-year mandatory minimum sentence for his firearm offense, not the seven-year mandatory minimum he received for brandishing a firearm. We review this issue for plain error because Phillips did not raise it in the district court. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).[1]

Under section 924(c), a person convicted of using or carrying a firearm in relation to a drug offense must be sentenced to a consecutive mandatory minimum five-year sentence. 18 U.S.C. § 924(c)(1)(A)(i). But this mandatory minimum is increased to seven years if, during sentencing, the district court determines that the firearm was brandished. 18 U.S.C. § 924(c)(1)(A)(ii); United States v. Gray, 260 F.3d 1267, 1281-82 (11th Cir. 2001). "Brandish" is defined as an act meant "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether

---

[1]Under plain-error analysis, Phillips must show that "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

2

the firearm is directly visible to that person." 18 U.S.C. § 924(c)(4).

Phillips maintains that the evidence did not show that he intimidated a confidential informant ("CI") with the firearm. We disagree. Phillips made no objections to the facts in the presentence investigation report; thus, he is deemed to have admitted the facts. See United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006). And those facts indicated that a CI arrived at Phillips's doorstep, unannounced, to purchase methamphetamine. Phillips thought the CI's presence could have been a robbery attempt; so, while at the door, Phillips admonished the CI that he had a loaded UZI machine gun with him and claimed that it was a fully automatic weapon. On these facts, we conclude that Phillips's act in warning the CI about the presence of a firearm was intended to intimidate the CI; and the district court committed no error, plain or otherwise, in determining that Phillips brandished the firearm.

We turn to Phillips's argument that his guidelines sentence substantively is unreasonable.[2] We typically review substantive reasonableness arguments under an abuse of discretion standard. Gall v. United States, 128 S.Ct. 586, 591 (2007). But

_____

[2]Phillips's guidelines range was 480 months' to life imprisonment for the drug charge in addition to the 84-month mandatory minimum sentence for the firearm charge. But the statutory maximum term of imprisonment for the drug charge was 480 months. So, the statutorily authorized maximum sentence became the guidelines sentence. See 21 U.S.C. § 841(b)(1)(A)(ii), (viii), U.S.S.G. § 5G1.1(a).

3

an alleged error cannot serve as grounds for reversal if the appealing party "induces or invites the district court into making [the alleged] error." United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998).

Here, Phillips requested that the district court sentence him at the low end of the guidelines range. The district court complied and sentenced him to the lowest possible guidelines sentence of 564 months. Because Phillips now challenges the very act that he asked the district court to undertake, we do not reach the merits of Phillips's argument about the substantive reasonableness of his sentence. See United States v. Love, 449 F.3d 1154, 1156-57 (11th Cir. 2006) (defendant precluded from challenging the length of the supervised release portion of his sentence when he specifically had "induced or invited the district court to impose a sentence that included a term of supervised release").[3]

AFFIRMED.

---

[3]We also note that the district court provided many reasons -- all supported by the record and the 18 U.S.C. § 3553(a) factors -- for a guidelines sentence, including Phillips's extensive (but unscored) criminal history, the large amount of drugs involved, and his failure to take responsibility for his acts.

4