[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2011
JOHN LEY
CLERK

No. 11-10696
Non-Argument Calendar

_____

D.C. Docket No. 3:08-cr-00195-HLA-TEM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JABARI HIRD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 19, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges

PER CURIAM:

Jabari Hird appeals his concurrent sentences of 240, 240, and 324 months,

imposed upon re-sentencing pursuant to his guilty plea to conspiracy to commit

robbery, in violation of 18 U.S.C. § 1951(a); armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a), (d); and brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A). On appeal, Hird argues that his sentence was substantively unreasonable in light of the disparity between the length of the sentences that he and his codefendant, Rasheed Silvera, received.

We have held that "[i]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." United States v. Ross, 131 F.3d 970, 988 (11th Cir. 1997) (citations and quotations omitted). "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998). "Where invited error exists, it precludes a court from invoking the plain error rule and reversing." Ford ex rel. Estate of Ford v. Garcia, 289 F.3d 1283, 1294 (11th Cir. 2002) (citations and quotations omitted).

At the sentencing hearing, Hird repeatedly requested a sentence in the middle of the guidelines.[1] He does not dispute that his guideline range was 294 to

---

[1] At the sentencing hearing, Hird's counsel said, "I would like to ask the Court again to consider the middle range of the guidelines, as . . . the outer end of the sentence, but even consider lower than that." Later, counsel said that a mid-range sentence "is so significant . . . that the statutory purpose of a sentencing would be served" and that "if the Court was prepared to give a mid-guideline range sentence, then it would certainly be appropriate now."

346 months. His imposed sentence of 324 months is only 4 months above the precise middle of that guideline. Despite his exhortations that the district court impose a middle-range sentence, Hird still objected to the 324-month sentence when the district court announced it. He gave no reason as to why he was objecting. He repeatedly requested a middle-range sentence, and he cannot seek review when he received it. See United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005).

Even if we allow his later objection to overcome the invited error doctrine, Hird has not shown that his sentence is substantively unreasonable. We examine whether a sentence is substantively reasonable in light of the record and the 18 U.S.C. § 3553(a) factors. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Normally, we review substantive reasonableness for an abuse of discretion. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003). However, where the party did not articulate a specific reason for the objection, we review only for plain error. Id. "To find reversible error under the plain error standard, we must conclude that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." Id.

The § 3553(a) factors include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

similar conduct." 18 U.S.C. § 3553(a)(6). However, a "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." United States v. Regueiro, 240 F.3d 1321, 1325-26 (11th Cir. 2001). The party challenging the sentence bears the burden of establishing unreasonableness, and ordinarily a sentence within the guideline range is reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, Silvera cooperated with law enforcement and had a significantly lesser criminal record than Hird. Accordingly, there existed appropriate bases for sentencing Hird to a longer term than Silvera, and Hird's sentence is not substantively unreasonable. See Regueiro, 240 F.3d at 1325-26; United States v. Williams, 526 F.3d 1312, 1324 (11th Cir. 2008) (finding no unwarranted disparity where one codefendant "provided substantial assistance to the government" and received a lesser sentence than another codefendant who "did not provide any assistance to the government"); 18 U.S.C. § 3553(a)(6).

**AFFIRMED.**