[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12114
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00155-MMH-JBT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LOUIS RAMOS VARGAS,
a.k.a. Jose Ramos,
a.k.a. Jose Vargas,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 6, 2013)

Before PRYOR, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Jose Vargas appeals his sentence of 180 months of imprisonment, following

his plea of guilty to possessing a firearm as a convicted felon.  18 U.S.C.

§§ 922(g)(1), 924(e).  Vargas argues that the district court plainly erred in ruling that his prior conviction in a New York court for attempted burglary in the second degree qualified as a violent felony under the Armed Career Criminal Act.  The United States contends that Vargas invited the error.  Our review of the record reveals that, although Vargas did not invite the district court to classify his prior conviction as a predicate offense, Vargas waived his right to challenge that classification of his offense.  We affirm.

We disagree with the government that Vargas invited the district court to classify his prior conviction as a predicate offense.  "The doctrine of invited error is implicated when a party induces or invites the district court into making an error."  United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006) (quoting United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998)).  Vargas did not urge or provoke the district court to rule that his conviction for attempted burglary was a qualifying offense.  Vargas objected to being sentenced as an armed career criminal and argued that the United States could not identify him as the person convicted of the attempted burglary and that the enhancement of his sentence violated the prohibition against cruel and unusual punishment under the Eighth Amendment.

But Vargas is barred from challenging the classification of his offense under the doctrine of waiver.  "[W]aiver is the intentional relinquishment or

2

abandonment of a known right." United States v. Olano, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993) (internal quotation marks omitted). Vargas decided to forgo the argument that his prior conviction did not qualify as a predicate offense. When asked by the district court whether Vargas was "contending that . . . [the prior conviction was] not [an] actual predicate offense[]," Vargas's counsel responded, "No, Your Honor, we're not" because the "caselaw . . . was not . . . helpful . . . towards Mr. Ramos Vargas." And Vargas did not respond when the district court said that it "underst[oo]d . . . [that] there is no objection that [the attempted burglary is a] qualifying offense[]." Because Vargas relinquished his right to challenge the classification of his burglary offense, there exists no "error" for this Court to correct. Id. at 732-33, 113 S. Ct. at 1777.

We **AFFIRM** Vargas's sentence.