[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11173
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-14032-RLR

DONNY R. PHILLIPS,

Plaintiff-Appellant,

versus

PAUL C. MAY,
Sheriff of O.C.D.C.,
SONYA OLDHAM,
Health Service of O.C.D.C.,
RONNIE WHITE,
Administrator of O.C.D.C.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 17, 2020)

Before MARTIN, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Donny Phillips, incarcerated in Florida and proceeding *pro se*, appeals the district court's grant of final summary judgment in favor of defendants Sonia Oldham and Ronnie White,[1] officials at the Okeechobee County Detention Center ("OCDC"), in Phillips's 42 U.S.C § 1983 action. After careful review, we affirm.

## I.  BACKGROUND

The allegations in Phillips's amended complaint are disturbing. Phillips is disabled and must use a wheelchair due to a spinal cord injury. As relevant to this appeal, the complaint alleged that when Phillips was a pretrial detainee at the OCDC, Oldham confiscated his prescribed pain medication and adult diapers, both necessary due to his spinal injury, forcing him to experience pain and to relieve himself in his clothing. The complaint alleged that, upon falling in a non-handicap-accessible shower and breaking at least one bone in his foot, Oldham denied Phillips pain medication recommended by the hospital where he was treated. The complaint further alleged that Phillips was placed in administrative/disciplinary confinement, which was not handicap-accessible, without due process. And it alleged that Oldham retaliated against him for his

---

[1] The district court previously dismissed Phillips's claims against Paul May; he is not a party to this appeal. Oldham's first name is Sonia, not Sonya as indicated on the docket.

2

medical complaints by housing him with a person with a history of mental health issues and violence; according to the complaint, Oldham instructed this person to be aggressive towards Phillips. The complaint alleged that White, as supervisor, was aware of Oldham's conduct but failed to stop it; rather, White demonstrated by policy and custom that he supported Oldham's decisions. Based on this conduct, the complaint alleged that Oldham and White were deliberately indifferent to Phillips's serious medical needs and placed him in inhumane conditions of confinement, in violation of the Eighth Amendment, and detained him as retaliation and without due process, in violation of the First and Fourteenth Amendments.

At the close of discovery, Oldham and White moved for summary judgment. Among other arguments,[2] they asserted that Oldham's conduct was not so egregious as to violate the Constitution. They also argued that the narcotic pain medication Phillips requested required physician approval and Phillips failed to produce evidence of his request for the medication or any approval for its dispensation. And they argued that Phillips provided no evidence that Oldham was responsible for cell assignments, that Phillips was harmed by his placement, or that a mentally ill person was housed with Phillips for the purpose of retaliation.

---

[2] Oldham and White also argued that Phillips had failed to exhaust his claims as required by the Prison Litigation Reform Act. The district court did not rule on exhaustion, and neither Phillips nor the defendants raise the issue on appeal. Thus, we do not address it.

3

Because Oldham did not violate Phillips's rights, they argued, White was not liable as a supervisor.  Moreover, even if Oldham violated Phillips's constitutional rights, White was not liable because there was no evidence that he was aware of the violations, that he implemented a policy to violate civil rights, or that he directed Oldham to act unlawfully.

In response, Phillips "object[ed] . . . in part" to the motion for summary judgment.  Doc. 93 at 1.[3]  He "request[ed] that th[e] [district] [c]ourt enter final judgment, in part, as it relates to Defendant Son[i]a Oldham, but not for Defendant Ronnie White."  *Id.*  He maintained that "genuine disputes . . . as to material facts do exist" in his claims against White, citing evidence of his lengthy confinement and foot injury.  *Id.*  Primarily, Phillips argued that White "intentionally, with deliberate indifference, failed to provide . . . [Americans with Disabilities Act ("ADA") and Rehabilitation Act] accommodations, evidenced by Defendant Ronnie White wrongfully placing [Phillips] in . . . administrative confinement for a combined total of seven . . . months."  *Id.*[4]

---

[3] "Doc." numbers are the district court's docket entries.

[4] Phillips also requested leave to file a second amended complaint to file an ADA claim against White in his official capacity.  The district court did not grant him leave.  Phillips does not argue on appeal that the district court erred in denying leave to amend, so we do not address the issue further.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)).

The district court referred the case to a magistrate judge, who issued a report and recommendation ("R&R"). In the R&R, the magistrate judge found that Phillips's attempt to raise an ADA claim against White in response to the motion for summary judgment was improper. Thus, Phillips's "only proper claim against White relie[d] upon the viability of his claim against Oldham," and because Phillips had conceded that Oldham was entitled to summary judgment in her favor, Phillips could not succeed on a supervisory claim against White. Doc. 102 at 11.

The district court adopted the R&R and granted summary judgment in favor of Oldham and White. Phillips thereafter objected to the R&R, arguing as relevant here that there remained genuine issues of material fact as to his claim against White. The district court construed his objections as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The court explained that the objections appear to have been timely filed despite being docketed after the summary judgment order was entered; nonetheless, the court found "no reason to alter or amend the judgment." Doc. 110 (paperless order).

This is Phillips's appeal.

## II.    STANDARD OF REVIEW

We review the district court's grant of summary judgment *de novo*. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 (11th Cir. 2010). Summary judgment is appropriate when the evidence, viewed in the light most

5

favorable to the non-moving party, presents no genuine dispute as to any material fact and compels judgment as a matter of law.  *Id*.  "Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment."  *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989).  "Although we must view factual inferences favorably toward the nonmoving party and pro se complaints are entitled to a liberal interpretation by the courts, . . . a pro se litigant does not escape the essential burden" the summary judgment standards impose.  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

Moreover, "[i]t is a cardinal rule of appellate review that a party may not challenge as error a ruling invited by that party."  *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 65 (11th Cir. 2013) (alteration adopted) (internal quotation marks omitted).  "The doctrine of invited error is implicated when a party induces or invites the district court into making an error."  *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998).

Finally, "[w]e may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below."  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

6

## III.    DISCUSSION

Phillips argues that the district court's order granting summary judgment should be reversed because the law clerk who helped him draft his response in opposition to the motion for summary judgment advised him to concede that Oldham was entitled to summary judgment, thereby destroying his case against both defendants.  He asserts that state officials induced the law clerk to derail his pleadings.[5]  And, he says, the evidence he submitted in the district court was sufficient to defeat the defendants' motion for summary judgment.  For the reasons below, however, we cannot agree that reversal is warranted.

First, the district court did not err in granting summary judgment in Oldham's favor.  Phillips expressly requested that the court grant summary judgment to Oldham; he therefore cannot challenge the court's acceptance of his invitation to do so.  *AbbVie Prods.*, 713 F.3d at 65.  Nothing in the record supports Phillips's assertion that he made this concession at the behest of a prison law clerk.  Further, Phillips never made the assertion before the district court, even though the magistrate judge's R&R was expressly based on Phillips's concession.

Second, the district court did not err in granting summary judgment in favor of White.  Proof of a causal link between a particular defendant's actions and the

---

[5] Phillips represents that the law clerk submitted an affidavit admitting his misconduct in a Northern District of Florida case, No. 4:18-cv-139.  Even if such an affidavit would affect our analysis, we were unable to locate it among the many affidavits filed on that case's docket.

7

alleged constitutional deprivation is required for a 42 U.S.C. § 1983 claim. *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). Thus, § 1983 claims may not be brought against supervisory officials based solely on vicarious liability or *respondeat superior*. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). A supervisor can be held liable under § 1983 if he personally participated in the alleged constitutional violation or there was a causal connection between his actions and the constitutional infirmity. *Id.*; *see Gonzalez v. Reno*, 325 F.3d 1228, 1234–35 (11th Cir. 2003) (explaining that a causal connection can be established by showing a history of widespread deprivation that the supervisor fails to remedy, that the supervisor's custom or policy resulted in the violation, or facts that support an inference that the supervisor either directed subordinates to act unlawfully or knew subordinates would act unlawfully yet failed to stop them from doing so). Phillips provided only conclusory statements, and no evidence, showing that White personally participated in the alleged violations or that there was a causal connection between White's actions and the alleged violations. He therefore failed to demonstrate that a genuine issue of material fact remained regarding White's liability for any alleged violation. *Brown*, 906 F.2d at 670.

For these reasons, we affirm the district court's grant of final summary judgment in favor of Oldham and White.[6]

---

[6] Phillips's request for appointment of counsel is DENIED.

**AFFIRMED.**